UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
        :
KISSINGER N. SIBANDA,        :
        :
        Plaintiff,        :
        :    24-CV-6310 (JMF)
    -v-        :
        :    MEMORANDUM OPINION
DAVID ELLISON et al.,        :    AND ORDER
        :
        Defendants.        :
        :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

    Plaintiff Kissinger N. Sibanda, a lawyer proceeding *pro se*, alleges — as he did in a separate lawsuit dismissed by this Court earlier this month, *see Sibanda v. Elison*, No. 23-CV-5752 (JMF), 2024 WL 3835220 (S.D.N.Y. Aug. 14, 2024) — that the 2019 movie "Gemini Man" infringes his copyright in a book titled "The Return to Gibraltar." Sibanda now moves for a preliminary injunction, seeking an order either restraining Defendants' assets or requiring them to cease distribution of "Gemini Man." *See* ECF No. 24 ("Pl.'s Mem.").

    In the earlier action, Sibanda filed a similar motion for preliminary relief, which the Court denied on the ground that Sibanda "fails to show a risk of irreparable harm." *See Sibanda v. Elison* ("*Sibanda I PI Op.*"), No. 23-CV-5752 (JMF), 2023 WL 7165046, at *1-2 (S.D.N.Y. Oct. 31, 2023). Although the claims asserted in this lawsuit are not entirely identical to those asserted in the earlier lawsuit (and the Court intimates no view here on the merits of Sibanda's new claims), the Court's earlier analysis applies with equal force to the present motion. In this action, as in the earlier one, Sibanda "has not shown — or even claimed — that sales of his book have suffered as a result of Defendants' alleged infringement. In other words, he has not shown

any 'market confusion' between his book and Defendants' movie." *Id.* at *1 (citing *Int'l Swaps & Derivatives Ass'n, Inc. v. Socratek, L.L.C.*, 712 F. Supp. 2d 96, 102-03 (S.D.N.Y. 2010)).

In his present motion, Sibanda contends that Defendants' alleged infringement "undermine[s] current efforts to adopt 'The Return to Gibraltar[]' as a feature film for the simple reason that something similar reduces its market value in the streams of commerce." Pl.'s Mem. 14. But he does not assert — let alone demonstrate — any specific opportunities that he has lost because of any confusion between his book and "Gemini Man." As the Court explained in denying Sibanda's motion for a preliminary injunction in the earlier action, "such conclusory assertions are inadequate where, as here, the allegedly infringing movie was already released and the lawsuit primarily seeks 'to prevent defendants from profiting unfairly.'" *Sibanda I PI Op.*, 2023 WL 7165046, at *1 (quoting *Clonus Assocs. v. DreamWorks, LLC*, 417 F. Supp. 2d 248, 254-55 (S.D.N.Y. 2005)). Sibanda thus once again fails to demonstrate any "injury for which a monetary award cannot be adequate compensation" that is not "remote or speculative but . . . actual and imminent." *Int'l Swaps*, 712 F. Supp. 2d at 103 (quoting *Kamakazi Music Corp. v. Robbins Music Corp.*, 534 F. Supp. 57, 68 (S.D.N.Y. 1981).

Because Sibanda fails to show a risk of irreparable harm, his motion for a preliminary injunction must be and is DENIED. The Clerk of Court is directed to terminate ECF No. 24.

SO ORDERED.

Dated: August 28, 2024
New York, New York

_____
JESSE M. FURMAN
United States District Judge