**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

KISSINGER N. SIBANDA,

                    *Plaintiff*,

        -against-

DAVID ELLISON, WILL SMITH, ANG LEE,
SKYDANCE PRODUCTIONS, LLC, a California
Limited Company, GEMINI PICTURES, LLC, a
California Limited Liability Company, SKYDANCE
DEVELOPMENT, LLC, a California Limited
Company, ASHLEE LIN, PARAMOUNT
PICTURES, FOSUN PICTURES INC.,

                    *Defendants*.

Case No. 1:24-cv-06310-JMF
Rel:     1:23-cv-05752-JMF

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR**
**JOINT PARTIAL MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)**

## **Table of Contents**

I.     INTRODUCTION ................................................................................................... 1

II.    FACTUAL BACKGROUND .................................................................................. 3

   A.  Procedural History ........................................................................................... 3

   B.  The Related Action .......................................................................................... 4

   C.  The Prior Sanctions Order .............................................................................. 4

   D.  The Allegations of the FAC ............................................................................ 6

   E.  Defendants' Compliance with Rules 12 and 6 ................................................ 8

III.   LEGAL STANDARD ............................................................................................ 9

IV.   ARGUMENT ......................................................................................................... 10

   A.  Plaintiff's Claim for "Conspiracy to Deprive Legal Right" is Factually Impossible and Legally Without Merit .................................................................................... 11

      1.  The Conspiracy Claim is Based on a False Premise .................................. 11

      2.  The Conspiracy Claim is Barred by the Litigation Privilege ...................... 13

   B.  Plaintiff's Abuse of Process Claims Is Legally and Factually Without Merit ................. 14

   C.  Plaintiff's Equitable Claims are Preempted by the Copyright Act ..................... 17

   D.  Plaintiff's Pending Appeal Does Not Alter the Rule 12(b)(6) Analysis ............... 19

   E.  The Claims Should Be Dismissed with Prejudice ............................................ 20

V.   CONCLUSION ...................................................................................................... 20

## <u>Table of Authorities</u>

<u>Pages</u>

**Cases**

*Action Apartment Assn., Inc. v. City of Santa Monica*,
   163 P.3d 89 (Cal. 2007) ........................................................................................... 14

*Agoliati v. Block 865 Lot 300 LLC*,
   2021 WL 3193239 (E.D.N.Y. Apr. 20, 2021) ......................................................... 10

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) .................................................................................................. 9

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) .................................................................................................. 9

*Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*,
   373 F. 3d 296 (2d Cir. 2004) ................................................................................... 18

*Cambridge Literary Props., Ltd. v. W. Goebel Prozellanfabrik G.M.B.H. & Co.*,
   448 F. Supp. 2d 244 (D. Mass. 2006) ..................................................................... 19

*Cantu v. Resolution Trust Corp.*,
   4 Cal. App. 4th 857 (Cal. App. 1992) ..................................................................... 15

*Coleman v. Gulf Ins. Grp.*,
   41 Cal. 3d 782 (Cal. 1986) ...................................................................................... 16

*Cuoco v. Moritsugu*,
   222 F. 3d 99 (2d Cir. 2000) ..................................................................................... 20

*Gottwald v. Sebert*,
   40 N.Y.3d 240 (NY 2023) ....................................................................................... 14

*Green v. Maraio*,
   722 F.2d 1013 (2d Cir. 1983) .................................................................................... 9

*In re Law*,
   2009 WL 7751423 (9th Cir. Bankr. Panel Apr. 8, 2009) ........................................ 15

*Kelly v. Albarino*,
   485 F.3d 664 (2d Cir. 2007) .................................................................................... 14

*Kling v. World Health Org.*,
   532 F. Supp. 3d 141 (S.D.N.Y. 2021) ..................................................................... 20

*Larsen v. JBC Legal Grp., P.C.*,
   533 F. Supp. 2d 290 (E.D.N.Y. 2008) .................................................................... 10

*Leeds v. Meltz*,
   898 F. Supp. 146 (E.D.N.Y. 1995) ......................................................................... 10

*McKenzie-Morris v. V.P. Records Retail Outlet, Inc.*,
   2023 WL 5211054 (S.D.N.Y. Aug. 13, 2023) ........................................................ 19

*Monbo v. Nathan*,
   623 F. Supp. 3d 56 (E.D.N.Y. 2022) ................................................................. 17, 18

*Neitzke v. Williams*,
   490 U.S. 319 (1989) .................................................................................................. 9

*Pani v. Empire Blue Cross Blue Shield*,
   152 F.3d 67 (2d Cir. 1998) ........................................................................................ 9

*Silver Sands Motel Inc. v. Long Island Capital Mgmt.*,
   2023 WL 4054526 (E.D.N.Y. June 15, 2023) ........................................................ 10

ii

*Spurgeon v. Scantlin*,
    502 F. Supp. 2d 1021 (W.D. Mo. 2007) ................................................................. 18
*Stanacard, LLC v. Rubard, LLC*,
    No. 12-CV-5176 (CM), 2016 WL 462508 (S.D.N.Y. Feb. 3, 2016) ....................... 17
*State Farm Mutual Auto. Ins. Co. v. Lee*,
    193 Cal. App. 4th 34 (Cal. App. 2011) .................................................................. 16
*Sullivan v. North Babylon Union Free School Distr.*,
    2016 WL 11673810 (E.D.N.Y. Mar. 21, 2016) ...................................................... 20
*Travel Mag., Inc. v. Travel Dig., Inc.*,
    191 F. Supp. 830 (S.D.N.Y. 1961) .......................................................................... 9
*United States v. Walker*,
    239 F. Supp. 3d 738 (S.D.N.Y. 2017) ............................................................. 10, 19
*Weber v. Geffen Records, Inc.*,
    63 F. Supp. 2d 458 (S.D.N.Y. 1999) ............................................................... 18, 19
*Weslowski v. Zugibe*,
    96 F. Supp. 3d 308 (S.D.N.Y. 2015) ...................................................................... 10
*Woods v. State*,
    469 F. Supp. 1127 (S.D.N.Y. 1979) ....................................................................... 10

**Rules**
Fed. R. Civ. P. 11 ....................................................................................................... 2
Fed. R. Civ. P. 12(b)(6) ..................................................................................... 1, 9, 11, 19
Fed. R. Civ. P. 6(a)(1)(C) ........................................................................................... 8

Defendants David Ellison, Willard Carroll Smith II (*erroneously sued as* Will Smith), Gemini Pictures, LLC, Skydance Productions, LLC, Skydance Development, LLC, Ashlee Lin, and Paramount Pictures Corporation (*erroneously sued as* Paramount Pictures) (collectively "Defendants")[1] respectfully submit this memorandum of law in support of their joint partial motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12") (the "Motion").

## I.    INTRODUCTION

This is now the second Rule 12(b)(6) motion filed in these related cases regarding Plaintiff's "Conspiracy to Deprive Legal Right"[2] claim and his unjust enrichment claim. In Plaintiff's prior action (1:23-cv-05752-JMF, hereinafter the "Related Action"), he lodged a nearly identical conspiracy claim which was dismissed for multiple reasons, including that it was based on a criminal statute and a false factual premise. Plaintiff sought leave to amend his pleading in the Related Action to restate his conspiracy claim as a civil conspiracy claim and leave was denied as any amendment would be futile because the claim was based on a false premise. Similarly, Plaintiff sought to amend in the Related Action to state an unjust enrichment claim based on the alleged unauthorized use of his copyrighted work and leave again was denied as such a claim is preempted by the Copyright Act. In ruling on Skydance Defendants'[3] motion to dismiss in the

---

[1] Use of the shorthand term "Defendants" is not meant to imply that a claim has been levied against anyone beyond the parties specifically identified in each separate count of the First Amended Complaint ("FAC"). Further, use of the term is not meant to imply representation of any Defendant for which Eisner, LLP has not appeared – such as Fosun Pictures, Inc. or Ang Lee.

[2] This claim is also referred to as "Conspiracy to Deprive Copyright" in the caption of the FAC. As Plaintiff is prosecuting an action to protect his copyright in his novel, it is patently frivolous to suggest that any conspiracy occurred to deprive Plaintiff of his copyright. However, regardless of the label put on the claim, the claim is wholly without merit. For ease of reference, Defendants will refer to Count Two as "Conspiracy to Deprive Legal Right" or the "conspiracy claim."

[3] The Skydance Defendants collectively refers to Defendants David Ellison, Skydance Productions, LLC, Skydance Development, LLC, and Gemini Pictures, LLC.

prior action, the Court dismissed Plaintiff's entire action due to Plaintiff's failure to register his copyright prior to initiating the action. The Court, however, dismissed the copyright claim without prejudice and authorized Plaintiff to file this action – though without the benefit of relating back to the Related Action. Plaintiff was also sanctioned for bringing the conspiracy claim as doing so was both frivolous and harassing, and designed to interfere with his adversaries' attorney-client relationship with their chosen counsel, Defendant Ashlee Lin.

A week after the Court issued its ruling dismissing Plaintiff's case, Plaintiff filed his new complaint, which included the civil conspiracy and unjust enrichment claims that he was expressly told were futile due to their legal and factual deficiencies. Plaintiff also included additional factually and legally faulty claims for abuse of process and an accounting in his new complaint. Several weeks later, Plaintiff then filed his operative First Amended Complaint ("FAC") which made cosmetic changes to the pleading but did nothing to remedy the egregious legal and factual deficiencies with Plaintiff's non-copyright claims.[4]   Defendants subsequently put Plaintiff on notice that his claims are frivolous and sanctionable under Rule 11[5]; however, Plaintiff refused to withdraw them and Defendants now move to partially dismiss the First Amended Complaint with prejudice in addition to their concurrently-filed motion for sanctions.

---

[4] For the avoidance of doubt, it is Defendants' position that Plaintiff's copyright claims are also wholly without merit for several reasons, including because the screenplay for the allegedly infringing movie pre-dates the publication of Plaintiff's book by *seven years*. Defendants intend to address these claims by a separate dispositive motion on the merits.

[5] Prior to moving to dismiss, Defendants jointly served Plaintiff with a Notice of Motion for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure ("Rule 11"). Defendants' Notice of Motion and cover letter specifically identified the meritless and improper nature of these claims and also reserved the right to seek as a sanction fees expended in connection with both the Rule 11 Motion and this Rule 12 Motion. Defendants jointly request the fees expended in connection with this Rule 12 Motion as they should have never been required to file this motion sequence in the first instance had Plaintiff complied fully with his obligations as an attorney pursuant to Rule 11. Furthermore, Plaintiff has again argued that Defendants should have not engaged in Rule 11 motion practice and instead reserved the arguments contained in the their Rule 11 Notice for Rule 12 motion practice – all while ignoring the merits of Defendants' arguments during the 21-day safe harbor period. Plaintiff's conduct is therefore dilatory, wasteful, and needlessly burdensome and therefore any sanctions that issue from the separately filed motion sequence should also include the fees incurred in connection with this Rules 12 Motion.

Specifically, Defendants jointly move pursuant to Rule 12 to dismiss the conspiracy, unjust enrichment, accounting, and abuse of process claims for several reasons. The conspiracy claim has already been adjudicated to have been based on a false premise and is therefore legally and factually impossible. Even were that not to be the case, Plaintiff's conspiracy claim is a derivative tort action that seeks liability for privileged litigation activity and is thereby barred by the litigation privilege. Plaintiff's abuse of process claims fails for these reasons same reasons – in addition to being untimely. Lastly, Plaintiff's equitable claims for unjust enrichment and an accounting are both preempted by the Copyright Act as each is an attempt to vindicate rights protected by federal copyright law – a fact Plaintiff well knows as this Court held the same with regard to unjust enrichment in the Related Action.

Accordingly, Defendants jointly and respectfully request that this Court dismiss the Second, Third, Fifth, and Sixth Causes of action for failure to state a claim.

## II.    FACTUAL BACKGROUND

### A.    Procedural History

On September 4, 2020, Skydance filed a declaratory judgment action in the Central District of California seeking a declaration that the film *Gemini Man* does not infringe Plaintiff's novel, *The Return to Gibraltar*, particularly given the screenplay for the film pre-dates the publication of the book by fourteen years. *Skydance Development, LLC et al. v. Sibanda*, C.D. Cal. Case No. 2:20-cv-08145 (the "California Action"), ECF No. 1.

On February 16, 2021, the California court granted Skydance's request for jurisdictional discovery, specifically authorizing (1) a deposition of Plainitff; (2) requests for production; and (3) up to ten interrogatories. *Id.*, ECF No. 43, 48. Skydance thereafter propounded the authorized discovery. In response Sibanda began a campaign of frivolous filings. First, he filed "multiple largely overlapping/duplicative" motions seeking to quash the very discovery already authorized

by the court. *See id.*, ECF Nos. 51–55 and Minute Order dated March 1, 2021. Sibanda also filed

a motion to recuse the magistrate judge on the basis that she "ignor[ed] the gravity of issues raised

in [his] motions to quash" and "[a] search on IMDB for actors and actresses returns six actors and

actresses with the same surname" as the judge. *Id.*, ECF No. 59. Sibanda further filed a motion for

jurisdictional discovery of Skydance (despite that Skydance had already consented to jurisdiction

by filing the action). *Id.*, ECF No. 78. All of Sibanda's motions were denied. *Id.,* ECF Nos. 65,

109.

       After Skydance voluntarily dismissed the case pursuant to Federal Rule of Civil Procedure

41(a)(2) (*id.,* ECF No. 90), Sibanda opposed and moved to strike the voluntary dismissal. *Id.*, ECF

Nos. 91, 92. After the court affirmed the dismissal, Sibanda then unsuccessfully moved for

attorneys' fees and costs, despite clear authority that neither fees nor costs are recoverable as a

result of a voluntary dismissal. *See id.*, ECF No. 122. On March 4, 2022, Sibanda appealed the

district court's denial of an award of attorneys' fees. *Id.*, ECF No. 124. His appeal was summarily

denied on May 19, 2023. *Id.*, ECF No.134. Sibanda filed this action shortly thereafter.

      **B.**    **The Related Action**

       Plaintiff filed the Related Action on July 6, 2023, asserting claims for both copyright

infringement and "conspiracy to deprive legal right" against all of the named Defendants. RA,

ECF No. 1. The express basis for Plaintiff's claim conspiracy claim was the filing of the

Declaratory Judgment Action. RA, ECF No. 1 at ¶¶ 32–34. On July 20, 2023, Plaintiff amended

his Complaint to add Ms. Lin as a named defendant to the conspiracy claim. RA, ECF No. 40 at ¶

10 ("ASHLEE LIN was the lead lawyer responsible for the first litigation and its pleadings").

      **C.**    **The Prior Sanctions Order**

       On September 11, 2023, the Skydance Defendants and Ashlee Lin separately moved for

sanctions in the Related Action as Plaintiff's First Amended Complaint in that action contained

both frivolous and harassing claims. *See* RA, ECF. Nos. 70, 73. On September 25, 2023, when their responsive pleading deadline arose, the Skydance Defendants and Ms. Lin each filed a Rule 12 motion to dismiss for failure to state a claim on the grounds that the conspiracy to deprive a legal right claim was frivolous (as set forth in the sanctions motions) and that Plaintiff's copyright action could not be maintained because he had registered his copyright after the initiation of his lawsuit. RA, ECF Nos. 94, 97. Plaintiff opposed these motions to dismiss and requested leave to amend his complaint to re-style his conspiracy claim as a civil claim and add an unjust enrichment claim for Defendants' purported ill-gotten gains on account of their unauthorized use of his work. RA, ECF No. 112. On August 14, 2024, this Court in the Related Action issued an Opinion and Order (the "Prior Sanctions Order") dismissing the Related Action in its entirety and awarding Defendants sanctions. RA, ECF 130.

In the Prior Sanctions Order, the Court first held that the "special solicitude" *pro se* parties are entitled to did not apply to the Related Action as Plaintiff is an attorney. RA, ECF 130 at 3-4. The Court then assessed Plaintiff's claims and held that "both of Sibanda's claims fail as a matter of law." *Id*. at 5. With regard to Plaintiff's copyright claim, the Court held that Plaintiff's failure to register his copyright prior to filing his lawsuit required dismissal of the entire action. *Id*. 5-7. The Court then turned to Plaintiff's conspiracy claim and held that was "even more easily dismissed." *Id*. at 7. The conspiracy claim was dismissed because it was premised on a criminal statute with no private right of action; and even if it had a private right of action "the claim would fail because it rests on a false premise." *Id*. The Court went on to write "[p]ut simply, the Central District of California action did not preclude Sibanda from filing his copyright infringement claim — either in another district or as a counterclaim in the Central District of California action. *Id*. at 7-8. In addition, the Court also denied leave to amend to state a civil conspiracy "because

amendment would be futile" as a civil conspiracy claim would "also fail because the Central District of California case did not prevent Sibanda from filing his copyright infringement claim." *Id*. at 8. Plaintiff had also proposed an amendment to add an unjust enrichment claim, which was also denied as futile given that the gravamen of the claim sounded in copyright and was thus preempted by the Copyright Act. *Id*.

After dismissing the claims and denying leave to amend as futile, the Court then turned to the sanctions motion and found sanctions to be warranted. *Id*. at 9. The Court held that the conspiracy claim was "not supported by existing law, lacked evidentiary support, and was frivolous as a matter of both law and fact" and was filed for the improper purpose of harassing Ms. Lin and interfering with her representation of the Skydance Defendants. *Id*. at 10-12 (emphasis added). The Court ended the Prior Sanction Order by awarding Defendants attorneys' fees in an amount to be set after a joint submission by Defendants of the fees incurred in bringing the Rule 11 motion. *Id*. at 12. On October 31, 2024, this Court ordered Plaintiff to pay $13,665.75 in attorney fees within 30 days. RA, ECF No. 154. Plaintiff has appealed the Prior Sanctions Order and the award of attorneys' fees. RA, ECF Nos. 139, 147, 155

### D.    The Allegations of the FAC

Plaintiff filed this action on August 21, 2024 and filed the operative FAC on September 1, 2024. Plaintiff opens the FAC stating "[t]his is a copyright lawsuit between the book published in 2011, and the <u>final</u> released film, "Gemini Man" released in 2019. FAC ¶ 2. However, Plaintiff also included several additional non-copyright claims which are the subject of this Rule 12 Motion.

Plaintiff's Second Cause of Action is for "Conspiracy to Deprive Legal Right" and is a "tort to deprive an individual from excising a legal right, a plot or plan, so done, is a tortious action, separate from the statutory copyright infringement, stated in the first course of action." *Id.* ¶ 45. Plaintiff then describes this alleged conspiracy as one in which "Defendants (excluding Will Smith

and Paramount Pictures) jointly embarked on a scheme to file a declaratory judgment, in the wrong forum, California Central District, for purposes of depriving plaintiff of his protected legal remedy under 17 U.S.C. §§ 106 and 106 A., in the correct forum." *Id.* ¶ 46. The acts in furtherance of this purported conspiracy, beyond the filing of the California Action, include the taking of jurisdictional discovery and noticing a voluntary dismissal in a jurisdiction "which does not respect the federal rules of civil procedure [sic] as legislated by congress [sic]." *Id.* ¶¶ 47-51. Plaintiff's Fifth Cause of Action for "Abuse of Process" is premised on many of the same acts in the California Action but alleges that Defendant Ashlee Lin, Defendants' counsel in the California Action, abused process to pressure Plaintiff into a "*zero-dollar-walk-away* settlement." *Id.* ¶ 70 (emphasis in original). Plaintiff also alleges that "the same motive permeates defendant Lin's trial strategy in the instant matter" and he alleges "How is it possible that a co-defendant (here, Lin) can have authority to represent *all and any* co-defendants whose interests are clearly in direct conflict, in violation of the rules of legal ethics and no proof is necessary pursuant to the rules of ethics?" *Id.* ¶ 84. Plaintiff then "requests proof (written consent) in camera from defendant Lin showing that she had consent from co-defendants for her representation in 1 :23-cv-05752 (JMF), as limited discovery on this cause of action. This request does not dispose of the court's own duty to make a similar request *sua ponte* pursuant to Ca. Bar Rule 1.7., as defendant Lin's conduct is ongoing." *Id.* ¶ 87.

Plaintiff's Third Cause of Action is for "Unjust Enrichment (Quasi contract or implied by law)." The unjust enrichment claim is predicated on the allegation that Defendants "excluding Ashlee Lin, have benefitted financially by not giving credit to the work "The Return To Gibraltar," outside of the underlying copyright infringement." *Id.* ¶ 53. Plaintiff further alleges that "Defendants have benefitted to date from these underlying, and unlawful contracts, because

Gemini Man, is not original, but an expensive reap-off of "The Return to Gibraltar," which they were exposed do during production, as outlined herein." *Id.* ¶ 59. Plaintiff then alleges "the gap, in timeline, between commencing a statutory action under 17 U.S.C § 101 et seq,, is filled with this action for ''unjust enrichment," because it meets the elements for unjust enrichment based on a quasi-contract, implied by the court on a separate set of facts, and is not duplicative of damages. i.e. Plaintiff has bestowed a benefit on defendants (excluding Ashlee Lin), that defendants have not compensated him." *Id.* ¶ 61.

Plaintiff's Sixth Cause of Action is for Accounting. Plaintiff alleges that "[d]ue to the infringement and wrongful acts of Defendants, Plaintiff is entitled to an accounting from production and distributions Defendants, of income generated by the unlawful use of Plaintiff's copyright such that they may determine the revenues and profits rightfully belonging to him, which were wrongfully gained by Defendants." *Id.* ¶¶ 89-90 (this allegation is repeated twice seriatim).

### E.    Defendants' Compliance with Rules 12 and 6

In the early hours of November 3, 2024, Plaintiff initiated a frivolous request to the clerk of court for a certificate of default. Plaintiff's request for a default is premised on, at best, a fundamental misunderstanding of Rule 6 of the Federal Rules of Civil Procedure; or, at worst, Plaintiff, a practicing attorney, has deliberately and in bad faith ignored the import of Rule 6 altogether. Rule 6 provides that when counting time "if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C). Defendants waived service through their undersigned counsel on September 3, 2024 affording them 60 days to answer or move against the FAC. Sixty days from September 3, 2024 was **Saturday**, November 2, 2024 – which by operation of Rule 6(a)(1)(C) made Defendants' responsive pleading deadline, **Today**, November 4, 2024 (the first day after November 2 that is not a Saturday, Sunday, or legal holiday). Plaintiff's filing of the

waivers of service also falsely indicated that he accomplished service by mail and that Defendants answer was due on September 24, 2024. In filing this Motion on November 4, 2024, Defendants have timely moved against the FAC.

### III.    LEGAL STANDARD

"Rule 12(b)(6)…is a device to test the legal sufficiency of the complaint." *Travel Mag., Inc. v. Travel Dig., Inc.*, 191 F. Supp. 830, 832 (S.D.N.Y. 1961); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). Further, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). Dismissal under Rule 12(b)(6) is proper where an affirmative defense "appears on the face of the complaint." *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 74-75 (2d Cir. 1998) (affirming dismissal where "complaint itself establishes the facts necessary to sustain defendant's immunity defense"); *Green v. Maraio*, 722 F.2d 1013 (2d Cir. 1983) (dismissing claim based on judicial immunity).

To survive a Rule 12(b)(6) motion Plaintiff must, with all reasonable inferences in his favor, plead sufficient facts to state a claim to relief that is facially plausible – by showing "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). These facts must amount to "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A pleading that merely offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Where a plaintiff has "ha[s] not nudged [his] claims across the line from conceivable to plausible, [those claims] must be dismissed." *Id.* at 570.

Further, while courts often relax the rules regarding pleading for *pro se* plaintiffs, this rule is inapplicable where the *pro se* plaintiff, like Plaintiff here, is a licensed attorney. *See Woods v. State*, 469 F. Supp. 1127, 1128 n.1 (S.D.N.Y. 1979) ("Although [defendant] appears pro se, he is an attorney and is held to the same standards as other attorneys appearing before the court"); *Leeds v. Meltz*, 898 F. Supp. 146, 149 (E.D.N.Y. 1995) (refusing to apply relaxed standard despite *pro se* status because "the complaint *was* drafted by a lawyer") (emphasis in original); *Larsen v. JBC Legal Grp., P.C.*, 533 F. Supp. 2d 290, 295 n.2 (E.D.N.Y. 2008) ("the rules afforded pro se litigants are not relaxed when that litigant is also an attorney"); *Weslowski v. Zugibe*, 96 F. Supp. 3d 308 (S.D.N.Y. 2015) (collecting cases where courts refused to apply *pro se* standard to attorney); *Agoliati v. Block 865 Lot 300 LLC*, 2021 WL 3193239, at n.1 (E.D.N.Y. Apr. 20, 2021) ("While the Court ordinarily affords pro se litigants special solicitude, such treatment is not appropriate when the pro se litigant is themself a lawyer"); *Silver Sands Motel Inc. v. Long Island Capital Mgmt.*, 2023 WL 4054526, at n.1 (E.D.N.Y. June 15, 2023) ("Notwithstanding that Mims appears pro se, he does not enjoy the benefit of the more liberal pro se standard since he is an attorney himself; rather, he is held to the same standard as any other attorney").

Additionally, where, as here, a claim has been adjudicated but the order has been appealed, the "district court judgment is imbued with preclusive effect while an appeal is pending." *United States v. Walker*, 239 F. Supp. 3d 738, 742 (S.D.N.Y. 2017) (Rakoff, J.) (emphasis in original).

## IV.   ARGUMENT

As an initial matter, Plaintiff should not be afforded the "special solicitude" afforded to *pro se* litigants in this Circuit, whereby the pleading standards are relaxed because Plaintiff is a licensed and practicing attorney. In fact, this Court has already ruled in the Related Action that Plaintiff was not entitled to "special solicitude" as he is a lawyer, who has represented clients in multiple proceedings both within the Southern District of New York and other jurisdictions. *See* RA, ECF

No. 130 at 3-4. Nothing has changed since that holding was reached as from the face of the FAC and other filings in this action it is clear Plaintiff is still a practicing attorney.

Thus, the Court should dismiss Plaintiff's Second, Third, Fifth, and Sixth Causes of Action with prejudice.  Each Cause of Action fails to state a claim and must be dismissed pursuant to Rule 12(b)(6). Further, as described in detail below, the deficiencies identified in this Motion are not mere pleading errors but are more fundamental as Plaintiff cannot bring any of these deficient causes of action as a matter of law.

### A.    Plaintiff's Claim for "Conspiracy to Deprive Legal Right" is Factually Impossible and Legally Without Merit

Plaintiff's conspiracy claim is legally and factually devoid of merit for two primary reasons. *First*, Plaintiff's claim – as this Court has already determined and held – is based on the completely false premise that he was prevented from filing his own copyright action by the Skydance Defendants' California Action. *Second*, Plaintiff's conspiracy claim is also independently barred by the litigation privilege as it is a derivative tort action that seeks to impose liability on the Defendants for exercising their constitutional right to access the courts to protect their own interests.

#### 1.    The Conspiracy Claim is Based on a False Premise

Setting aside whether a civil conspiracy claim is even actionable where the heart of the claim is premised on the filing of a legal action, (*see infra* IV.A.2), Plaintiff's conspiracy is factually and legally impossible as it rests entirely upon a false factual premise. As this Court held in the Related Action, Plaintiff was not prevented from filing his own claim – either as an independent action or counterclaim in the California Action – to preserve his own rights. RA, ECF No. 130 at 7-8 ("Put simply, the Central District of California action did not preclude Sibanda from filing his copyright infringement claim — either in another district or as a counterclaim in

the Central District of California action. Accordingly, Sibanda's second claim must be and is dismissed as frivolous"). Despite this ruling, Plaintiff has taken an intentionally obtuse reading of a single clause in the Prior Sanctions Order to argue he is authorized to bring this claim – namely "civil conspiracy claim *(if one could even be brought)* would also fail because the Central District of California case did not prevent Sibanda from filing his copyright infringement claim." *Id.* at 8 (emphasis added); *see also* FAC ¶ 10 ("This complaint was permitted under *Kissinger N. Sibanda v. Ellison, et al*, 1:22-cv-057520JMF"). Yet, Plaintiff's FAC ignores that this Court had assessed a separate civil conspiracy claim and found that it was infected with the same deficiencies as Plaintiff's failed attempt to allege a conspiracy under a criminal statute. RA, ECF No. 130 at 8.

Plaintiff has disputed this Court's ruling that he could have filed his action, despite the Skydance Defendants' California Action, by noting that courts generally disfavor parallel litigation. However, to date, Plaintiff has never brought to Defendants' attention – nor have Defendants located – any case holding that he was absolutely restricted from filing his own copyright action while the matter was pending. Nor can Plaintiff dispute that he could have filed a counterclaim in the California Action and then moved to transfer venue if he disputed the California court's jurisdiction. Further, Plaintiff's claim is also factually impossible as at no point during the pendency of the California Action could Plaintiff have brought a copyright infringement claim, as he did not hold a valid registered copyright until just a few months ago. Even were the California Action to have never been brought this fact would still remain and would have prevented – as it did in the Related Action – Plaintiff from bringing an infringement action. Thus, there was nothing for Defendants to conspire about as the copyright registration and decision to file an action for infringement were at all times within the unique control of Plaintiff.

That Plaintiff – a licensed and practicing lawyer – did not take any of these courses of action is a problem of Plaintiff's own making. It is certainly not the result of any imagined conspiracy against him. Plaintiff cannot hold Defendants liable for his own ineptitude and failures to timely protect his own interests and accordingly the conspiracy claim should be dismissed with prejudice (again).

2.      The Conspiracy Claim is Barred by the Litigation Privilege

Even were the conspiracy claim not set on a false foundation, Plaintiff's claim is independently barred by the litigation privilege and therefore must be dismissed on this basis. Plaintiff's conspiracy claim seeks to hold Defendants liable for "a scheme to file a declaratory judgment, in the wrong forum, California Central District, for the purposes of depriving plaintiff of his protected legal remedy." FAC ¶ 46. Defendants purportedly chose this forum allegedly for its "favorable caselaw." *Id.* "Defendants then voluntarily dismissed their case against plaintiff under Federal Rule of Civil Procedure 41 (a), without a memorandum of law and late in the proceedings." *Id.* ¶ 48. This dismissal notice came "after taking limited discovery on the issue (plaintiff's specific jurisdiction) and failing to brief their supplemental brief on the issue." *Id.* ¶ 50. Plaintiff then alleges as part of this conspiracy "defendants, in the Central District matter, found a favorable forum in which to harass plaintiff, and which does not respect the federal rules of civil procedure [sic] as legislated by congress [sic]." *Id.* 51. All of these actions in furtherance of a purported conspiracy against Plaintiff are unequivocally litigation-related conduct and thus a derivative tort action is barred to punish Defendants for engaging in litigation.[6]

---

[6] Further, setting aside that Plaintiff's conspiracy claims rests on the Central District of California purportedly not "not respect[ing] the federal rules of civil procedure [sic] as legislated by congress [sic]," Plaintiff is also attempting to relitigate issues already decided in the California Action. *See* California Action, ECF Nos. 65, 109.

Whether applying New York or California law, the litigation privilege is absolute regardless of allegations of maliciousness. *Action Apartment Assn., Inc. v. City of Santa Monica*, 163 P.3d 89, 95 (Cal. 2007); *see also Gottwald v. Sebert*, 40 N.Y.3d 240, 253-54 (NY 2023) (the New York Court of Appeals reaffirming the same doctrine and describing the privilege as "absolute"). The purpose of the privilege is to provide "the utmost freedom of access to the courts without fear of being harassed subsequently by derivative tort actions." Action Apartment, 163 P.3d at 95. Plaintiff's claim is precisely the type of derivative tort claim the litigation privilege protects against as it is a naked attempt to punish his adversaries and their counsel for exercising their own constitutional rights to access the courts and vindicate their own intellectual property interests. Plaintiff has tried to argue around this extremely broad privilege by arguing that his claim is not premised solely on the filing of the California Action but will be proved through discovery on communications between the purported co-conspirators. Setting aside the myriad attorney-client privilege and work product issues that raises due to Plaintiff's insistence that Ms. Lin be included in this lawsuit as an alleged co-conspirator of this imaginary conspiracy, the litigation privilege itself negates Plaintiff's entire theory. The Second Circuit has held that the litigation privilege is "is the broadest of possible privileges and any matter which, by any possibility, under any circumstances, at any stage of the proceeding, may be or may become material or pertinent is protected by an absolute privilege." *Kelly v. Albarino*, 485 F.3d 664, 666 (2d Cir. 2007); *see also Action Apartment*, 163 P.3d at 95; *Gottwald*, 40 N.Y.3d at 253-54.

Accordingly, Plaintiff's conspiracy claim is not actionable not only because it is based on a false factual premise but because the litigation privilege wholly bars the claim.

### B.    Plaintiff's Abuse of Process Claims Is Legally and Factually Without Merit

Plaintiff's abuse of process claim – in addition to being brought for the purposes of harassing Ms. Lin and interfering with Defendants' attorney-client relationship with her – fails for

the same reasons as Plaintiff's conspiracy claim. *First*, like the conspiracy claim, the abuse of process claim merely is attempting formulate derivative tort liability because Plaintiff disagreed with and was unhappy with Defendants' litigation strategy in the California Action. As such, the litigation privilege also bars the abuse of process claim. *See supra* IV.A.2.

*Second*, like the conspiracy claim, the abuse of process claim is predicated on a false factual premise – namely that Plaintiff was prevented by the California Action from vindicating his own copyright interests during the pendency of that matter. However, as this Court held and as described further above, Plaintiff was never prevented from filing his own copyright action. *See supra*, IV.A.1. Nor did Ms. Lin prevent Plaintiff from registering his copyright before the initiation of the Related Action. *Id.* Thus, even if Ms. Lin had never filed the California Action on behalf of her clients Plaintiff still could not have brought a copyright claim until he registered his copyright – an act only within Plaintiff's control. *Id.* Furthermore, Plaintiff's own allegations are self-defeating in this regard as he sought to prolong the California Action by resisting the Defendants' notice of voluntary dismissal – which by his own measure would have harmed himself. *See* FAC ¶¶ 49-51. Thus, Plaintiff could not have suffered any harm as a result of the California Action, necessitating the dismissal of the abuse of process claim.

*Third*, the claim is barred by the statute of limitations. An abuse of process claim must be brought within one year that the purported abusive process issues. *See Cantu v. Resolution Trust Corp.*, 4 Cal. App. 4th 857, 886 (Cal. App. 1992); *In re Law*, 2009 WL 7751423, at *7 (9th Cir. Bankr. Panel Apr. 8, 2009).[7] While the FAC does not clearly articulate the alleged process that

---

[7] While the FAC states that this claim is brought under New York law, applying New York's choice of law analysis – which this Court would apply when exercising supplemental jurisdiction – points to California law governing the claim, to the extent there is a conflict of law. *See Bak v. Metro-North RR. Co.*, 100 F. Supp. 3d 331, 337 (S.D.N.Y. 2015) (citing *Rogers v. Grimaldi*, 875 F.2d 994, 1002 (2d Cir. 1989)). That analysis requires the Court to look to: "(1) the significance of the parties' contacts to the jurisdiction, meaning their domicile and the locus of the tort; and (2) whether the purpose of the law is to regulate conduct or allocate loss." *Id.* (citing *Padula v. Lilarn Props. Corp.*, 84 N.Y.2d 519, 521 (NY 1994)). Where "the purpose of the law is to regulate conduct, the law of the place of the tort

was abused by Ms. Lin, Plaintiff does take issue with the filing of the action, the seeking of jurisdictional discovery, and the voluntary dismissal of the California Action. FAC ¶¶ 46-51. Yet, all of these purported abuses of process occurred longer than one year prior to August 21, 20-24 – the date this action was filed. Plaintiff's current action also does not relate back to his Related Case. *See* RA, ECF No. 130 at n.7. Accordingly, the abuse of process claim is time barred and must be dismissed with prejudice.

    *Lastly*, the FAC fails to state a *prima facie* case for abuse of process. To state an abuse of process claim under California law, Plaintiff must show: (1) the defendant "entertained an ulterior motive in using the process" and (2) with that process "committed a willful act in a wrongful manner." *State Farm Mutual Auto. Ins. Co. v. Lee*, 193 Cal. App. 4th 34, 40-41 (Cal. App. 2011). Plaintiff has alleged a supposed ulterior motive – securing a walk-away settlement (FAC ¶ 32) – but that alone is not actionable. Especially, as the California Supreme Court has held that the motive of securing a "compromise settlement" without demonstrating that "the use of process was done in an unauthorized manner" will not be enough to state an abuse of process claim. *Coleman v. Gulf Ins. Grp.*, 41 Cal. 3d 782, 793 (Cal. 1986). Here, Plaintiff cannot state any unauthorized use of process for several reasons – chief among them is that the Central District of California authorized the taking of jurisdictional discovery and that is exactly what Ms. Lin used that authorization to accomplish. Furthermore, it was not wrongful for the Skydance Defendants through Ms. Lin, in the face of threatened litigation, to seek to vindicate their own rights in the film *Gemini Man* by filing a declaratory judgment action.

---

will apply." *Id.* As abuse of process is a tort that regulates conduct, this analysis points to California law controlling here, as California is the situs of the purported tort.

### C.    Plaintiff's Equitable Claims are Preempted by the Copyright Act

Plaintiff has pleaded a claim for "Unjust Enrichment (Quasi contract or implied by law)" and an Accounting, however, as he well should know given the Prior Sanctions Order, these claims are completely preempted by the Copyright Act. Each claim seeks to vindicate rights and seeks remedies that are granted by the Copyright Act and therefore these state law equitable claims are preempted by the Copyright Act fully.

Plaintiff's unjust enrichment claim essentially seeks disgorgement of the benefits conferred upon Defendants for their purported unauthorized copying of Plaintiff's novel. Plaintiff purports to identify contracts to which he is not a party as forming the basis of this claim and then alleges that Defendants "benefited to date from these underlying, and unlawful contracts, because Gemini Man, is not original, but an expensive reap-off [sic] of 'The Return to Gibraltar,' which they were exposed to during production." FAC ¶ 59. However, such a claim is impermissible as this is merely a duplication of the copyright infringement claim under another name.

Plaintiff is well aware of this issue, as he attempted to amend his pleading in the Related Action and this Court denied him leave to amend given the futility of such an amendment in the face of the Copyright Act. RA, ECF No. 130 at 8. In the Related Action, Plaintiff's claim sought to recover Defendants' unjust benefits from "unauthorized use" and thus the gravamen of the claim was "within the scope of the Copyright Act." *Id.* (quoting *Monbo v. Nathan*, 623 F. Supp. 3d 56, 113 (E.D.N.Y. 2022) (quoting *Stanacard, LLC v. Rubard, LLC*, No. 12-CV-5176 (CM), 2016 WL 462508, at *22 (S.D.N.Y. Feb. 3, 2016)). As such, the Court held that Plaintiff's claim for unjust enrichment was preempted by the Copyright Act. Rather than move on from that ruling, a week later Plaintiff filed the unjust enrichment claim anyway – necessitating this Rule 12 Motion. Plaintiff's cosmetic changes not only fail to address this preemption ruling – as doing so would be impossible given the relief requested – but instead the changes highlight the preemption issue.

Plaintiff seeks to use this unjust enrichment claim as a "gap-filler" to avoid the result of his own failure to timely protect his own copyright interests – namely register and timely file a copyright action. Such a use of an unjust enrichment claim, however, is also preempted by well-settled law in the Second Circuit. For example, *Monbo* – which the Court cited in the Prior Sanctions Order – involved a time barred copyright claim and the unjust enrichment claim was still held to be completely preempted by the Copyright Act. 623 F. Supp. 3d at 110-13; *see also Weber v. Geffen Records, Inc.,* 63 F. Supp. 2d 458, 462 (S.D.N.Y. 1999); *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.,* 373 F. 3d 296, 305 (2d Cir. 2004) ("once a district court determines that a state law claim has been completely preempted and thereby assumes jurisdiction over it, the court must then dismiss the claim for failing to state a cause of action."); *see also Spurgeon v. Scantlin*, 502 F. Supp. 2d 1021, 1024 (W.D. Mo. 2007) (citing Weber as "quite persuasive" on the issue of the Copyright Act's statute of limitations applying to preempted state law claims). The Second Circuit's precedent in not allowing state law or equitable claims to be used in this way also protects the Copyright Act's statute of limitations and registration requirements – as Plaintiff's articulation of the rule would vitiate these aspects of the law and thereby thwart the will of Congress. As Plaintiff's unjust enrichment claim is preempted – and was already adjudicated as such in the Related Action – it must be dismissed with prejudice.

Plaintiff's claim for an accounting fares no better under a preemption analysis. Plaintiff alleges that "[d]ue to the infringement and wrongful acts of Defendants, Plaintiff is entitled to an accounting of from production and distribution Defendants, of income generated by the unlawful use of Plaintiff's copyright." FAC ¶ 89. Therefore, this cause of action explicitly seeks to enforce rights granted by the Copyright Act and is also preempted. Precedent in this Circuit is clear that accounting claims involving profits allegedly attributable to infringement are preempted by the

Copyright Act as these claims are premised on "the full bundle of privileges that attach to copyright ownership" including "that anyone profiting must account to plaintiff." *Weber*, 63 F. Supp. 2d at 463; *see also McKenzie-Morris v. V.P. Records Retail Outlet, Inc.*, 2023 WL 5211054, at *10-11 (S.D.N.Y. Aug. 13, 2023) (collecting cases and dismissing an accounting claim that was preempted by a time-barred Copyright Act claim); *Cambridge Literary Props., Ltd. v. W. Goebel Prozellanfabrik G.M.B.H. & Co.*, 448 F. Supp. 2d 244, 256 (D. Mass. 2006) (citing *Weber* and holding same regarding accounting claim).

Accordingly, as the gravamen of both equitable claims falls within the ambit of the Copyright Act, the Third and Sixth Causes of Action must be dismissed with prejudice.

### D.    Plaintiff's Pending Appeal Does Not Alter the Rule 12(b)(6) Analysis

Plaintiff has telegraphed that as the Prior Sanctions Order has been appealed and that appeal is pending, the findings of fact and conclusions of law contained therein have no import. *See* Labate Decl., Exs. A, B. In addition to being an admission that he essentially will ignore the Prior Sanctions Order while his appeal is pending, Plaintiff's position also has no basis in Second Circuit law. While on appeal a judgment has preclusive effect unless and until its findings or holdings are overturned on appeal. *See Walker*, 239 F. Supp. 3d at 742 (Rakoff, J.). Plaintiff's view of the import of a pending appeal would upend the finality of judgments and allow litigants to ignore the authority of courts – which is essentially what Plaintiff has done here as the Prior Sanctions Order explicitly held that the conspiracy and unjust enrichment claims were futile due to their deficiencies as a matter of law, and he turned around and filed them anyway a week later.

In accordance with Second Circuit case law regarding the preclusive effect of an order pending appeal, Defendants request that this Court give preclusive effect to its own Prior Sanctions Order and dismiss the conspiracy and unjust enrichment claims with prejudice as these claims have already been adjudicated and rejected.

E.    **The Claims Should Be Dismissed with Prejudice**

While leave is often granted to amend a complaint after first dismissal, leave should be denied here as Plaintiff has already amended once (as of right) and further pleading will not cure the defects described herein. *See Kling v. World Health Org.*, 532 F. Supp. 3d 141, 154 (S.D.N.Y. 2021) (dismissal with prejudice is appropriate when "the flaws in pleading are incurable") (internal quotations omitted) (citing *Cuoco v. Moritsugu*, 222 F. 3d 99, 112 (2d Cir. 2000) (affirming dismissal of *pro se* complaint without leave to replead because "[t]he problem with [Plaintiff's] causes of action is substantive; better pleading will not cure it"); *see also Sullivan v. North Babylon Union Free School Distr.*, 2016 WL 11673810, at *9 (E.D.N.Y. Mar. 21, 2016) ("Although the Court's general practice is to grant leave to amend the complaint when granting a motion to dismiss, the district court has the discretion to deny leave to amend where there is no indication from a liberal reading of the complaint that a valid claim might be stated") (internal quotations omitted).

The issues identified herein are not mere pleading deficiencies that can be remedied by additional or clearer allegations. Plaintiff's claims have partially been adjudicated in the Related Action to be futile, frivolous, and deficient as a matter of law – pleading them once more after three or four previous failed attempts will not transform the impossible possible. Likewise, Plaintiff's claims are also preempted or barred by the statute of limitations or litigation privilege – and better pleading cannot remedy those claims. Accordingly, the Court should put an end to these distracting, frivolous, and improper claims once and for all by dismissing them with prejudice.

V.    <u>**CONCLUSION**</u>

For the foregoing reasons, Defendants jointly and respectfully request that the Court dismiss Plaintiff's Second, Third, Fifth, and Sixth Causes of Action in their entirety and with prejudice.

Dated: November 4, 2024
New York, New York

By: */s/ Angelo G. Labate*

Evangelos Michailidis
Angelo G. Labate
EISNER, LLP
40 W 57th Street, Suite 2030
New York, NY 10019
T: (646) 876-2600
emichailidis@eisnerlaw.com
alabate@eisnerlaw.com

--and--

Ashlee Lin (*pro hac vice* forthcoming)
433 B. Camden Drive, 4th Floor
Beverly Hills, CA 90201
T: (310) 855-3200
alin@eisnerlaw.com

*Attorneys for Defendants David Ellison, Willard Carroll Smith II (erroneously sued as Will Smith), Skydance Productions, LLC, Skydance Development, LLC, Gemini Pictures, LLC, Ashlee Lin, and Paramount Pictures Corporation (erroneously sued as Paramount Pictures)*