

November 4, 2024

**Via ECF**

The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Centre Street, Courtroom 1105
New York, NY 10007

      Re:    **Plaintiff's Frivolous Default Certificate - *Sibanda v. Elison et al.*, Case No. 1:24-cv-06310 (Rel: 1:23-cv-05752-JMF)**

Dear Judge Furman:

      We write by letter motion regarding Plaintiff's recent filings in this case and to request an order directing the Clerk of Court to strike the certificate of default.

      Over the weekend, Plaintiff filed several documents purporting to request a certificate of default as to Defendants Ashlee Lin, David Ellison, Willard Carroll Smith II (erroneously sued as Will Smith), Gemini Pictures, LLC, Skydance Productions, LLC, Skydance Development, LLC, and Paramount Pictures Corporation (erroneously sued as "Paramount Pictures"). However, Plaintiff's request is frivolous as a matter of law as Plaintiff, a practicing attorney in this District, completely ignores Rule 6 of the Federal Rules of Civil Procedure. Rule 6 provides that when counting a period of time if the "if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C); *see also Gold Town Corp. v. Un. Parcel Serv., Inc.*, 519 F. Supp. 3d 169, 173-74 (S.D.N.Y. 2021) (Engelmeyer, J.) (applying Rule 6(a)(1)(C) to extend time to remove action by two days where expiration of 30-day removal window occurred on a Saturday).

      Defendants waived service on September 3, 2024 and 60 days from that waiver is **Saturday**, November 2, 2024. However, by operation of Rule 6(a)(1)(C) Defendants had until today to answer or otherwise move against the First Amended Complaint – which they have done so contemporaneously with this letter motion. Defendants' counsel even advised that they would be proceeding with a November 4, 2024 responsive pleading deadline when service was waived by email. Plaintiff's default request is therefore not only frivolous in that it ignores a basic and fundamental procedural rule regarding calculating time, but also is in bad faith as he was provided clear notice that Defendants would be moving against his operative pleading today, November 4, 2024.

      More concerning is the fact that Plaintiff has also falsely claimed in ECF No. 65 that service was accomplished by mail and that Defendants' responsive pleading deadline was September 24, 2024. As service was accomplished in this matter when Defendants' counsel waived service on behalf of Defendants no such mailing occurred. It appears that Plaintiff, himself a practicing

433 N. Camden Drive | 4th Floor | Beverly Hills, CA 90210
T 310.855.3200 | F 310.855.3201

**Eisner, LLP**
www.eisnerlaw.com

40 West 57th Street | Suite 2030 | New York, NY 10019
T 646.876.2600 | F 212.600.5020

The Honorable Jesse M. Furman
November 4, 2024
Page 2 of 2

attorney in this District, framed the responsive pleading deadline in this manner to bolster the chances that the Clerk would issue the frivolous default certificate by creating confusion as to when Defendants responsive pleading deadline actually was.

Plaintiff's initial request for a certificate of default was rejected by the Clerk due to filing deficiencies. Plaintiff then filed the request three additional times – never once stopping to rethink his course of action. On the third attempt, the Clerk issued a certificate of default. *See* ECF No. 75.

Defendants respectfully request that this Court issue an order directing the Clerk to strike the certificate of default that Plaintiff procured under false pretenses. No default has occurred in this matter and the Court should put a stop to Plaintiff's misguided and bad faith default strategy before expensive motion practice regarding a doomed default judgment motion is initiated by Plaintiff. Defendants believe that proceeding by letter motion is the most efficient course of action to speedily expunge the improvidently issued certificate from the docket, but please let Defendants know if they should formally initiate a full motion sequence to seek vacatur of the certificate.

Defendants reserve all rights.

Respectfully submitted,

*/s/ Angelo G. Labate*
Angelo G. Labate

Application GRANTED.  Defendants' motions are timely given Rule 6.  And even if they were not timely, the Court would grant an extension nunc pro tunc given that "[s]trong public policy favors resolving disputes on the merits." State St. Bank & Tr. Co. v. Inversiones Errazuriz, Limitada, 230 F. Supp. 2d 313, 316 (S.D.N.Y. 2002) (internal quotation marks omitted) (citing cases).  Accordingly, the Clerk of Court is directed to vacate and strike the certificate of default at ECF No. 75 and terminate ECF Nos. 86 and 87.

SO ORDERED.

November 6, 2024

433 N. Camden Drive | 4th Floor | Beverly Hills, CA 90210
T 310.855.3200 | F 310.855.3201

Eisner, LLP
www.eisnerlaw.com

40 West 57th Street | Suite 2030 | New York, NY 10019
T 646.876.2600 | F 212.600.5020