THE LAW OFFICE OF KISSINGER N. SIBANDA ESQ, PLLC
https://www.thelawofficesofkissingersibanda.com

1802 Vernon St NW PMB 558,                                           PO Box 714   Livingston, NJ 07039
DC 20009                                                                                  Tel: 862-250-9684
                                                                                    Email: ksibanda@temple.edu



*Nemo me impune lacessit*

November 13th, 2024

**Plaintiff's Limited Response to ECF:111 and 113.**

Hon. Judge Furman:

Addressing some of the issues the bench misstates about my past filings, of which none have been frivolous:

The <u>motions to strike</u> were because of defendants docketing their dismiss motion and sanction motion after the clerk put the default on the docket. Those strike motions were very much justified because defendants were supposed to seek leave, to have the default stricken, before submitting their responsive pleadings. Defendants did not do this [ seek leave]. But the bench sees nothing wrong in what defendants did triggering plaintiff's motions to strike – only attacking he filer of the strike motions? This is an example of the favoritism that was the basis for plaintiff's motion for recusal.

 After default, defendants docketed pleadings, instead of seeking leave to first docket those pleadings, as is the norm. Consequently, plaintiff's motions to strike were justified and not frivolous. Whether defendants defaulted or not, should have been defendants first pleading – not filing responsive pleadings after a clerk dockets a default judgment? This showed no respect for all parties involved; the clerk, opposing counsel and the bench.

Regarding the <u>Motion to Stay</u>, it is because of plaintiff's <u>Motion To Stay</u> that the bench, has now set aside defendants' and plaintiff's motions for sanctions, until it decides the motion to dismiss – accordingly, plaintiff's motion bringing the request to the court's attention, was justified,

1

THE LAW OFFICE OF KISSINGER N. SIBANDA ESQ, PLLC
https://www.thelawofficesofkissingersibanda.com

1802 Vernon St NW PMB 558,                                  PO Box 714   Livingston, NJ 07039
DC 20009                                                                Tel: 862-250-9684
                                                           Email: ksibanda@temple.edu



to streamline the docket.

In regards, to the motion for recusal. The legal standard has always been objective. That motion was properly briefed and cited the basis for an *appearance of bias*.

The statement that the 'appeal involves a separate case,' is subjective - not legal, because the issues in the appeal, are essentially central to this present matter. The principle of *issue estoppel*, cuts across both cases. Your Honor's position and legal thinking is appealed. Period. It is a separate case (appealed), but the issues are the same[1].

Again, plaintiff reiterates that his pleadings have been within his rights, and that the recusal motion, showing that not a single conference, even by telephone, has been set by this court was justified. There is nothing frivolous in asking any District judge to set a conference, as is the norm during litigation.

If anything, the two Orders, ECF: 111 and 113, now entered, don't address the issues raised in the Recusal Motion but worsen the appearance of bias. Plaintiff is very firm, that this matter needs to be assigned to a new judge, as exemplified by the recent orders (threats of sanctions etc.), ECF: 112 and 113 (memo endorsement). And will raise this issue squarely on Appeal, *reprimand to a new judge based on appearance of bias*.

Finally, regarding the bench's advice directed at plaintiff to focus his energy on defendants' motion to dismiss. Plaintiff's energy is properly directed at all issues on the docket. The motions to strike, recusal and stay, advanced the wheels of justice, not impeded them. Plaintiff does not need to be pointed to any narrow part of his advocacy, as all moving parts are equally important; if

---

[1] The erroneous statement that the criminal conspiracy was intended to disqualify defendant Lin, for example.

THE LAW OFFICE OF KISSINGER N. SIBANDA ESQ, PLLC
https://www.thelawofficesofkissingersibanda.com

1802 Vernon St NW PMB 558,  
DC 20009

PO Box 714   Livingston, NJ 07039  
Tel: 862-250-9684  
Email: ksibanda@temple.edu

anything, the appeal being more important as it may reverse and force this court to follow the legal standards, regardless of earlier 'findings.'

Plaintiff respects the Bench's decision to adjudicate and will seek leave on supplemental pleadings. But such leave, should also apply to defendants, especially given that they docketed responsive pleadings after a default was entered by the District Clerk. If the issue of default had been properly addressed firstly by defendants, then plaintiff would not have filed what the bench mischaracterizes as a "slew" of motions. The one-sided view as to what triggered the strike motions is noted on record. ECF: <u>111</u>.

Date: November 13, 2024

_____  
Signature  
Kissinger N. Sibanda Esq (SJD)

/KNS/

## THE LAW OFFICE OF KISSINGER N. SIBANDA ESQ, PLLC
https://www.thelawofficesofkissingersibanda.com

1802 Vernon St NW PMB 558, DC 20009

PO Box 714  Livingston, NJ 07039
Tel: 862-250-9684
Email: ksibanda@temple.edu

Tel: 862-250-9684
Email: ksibanda@temple.edu

4