

November 8, 2024

**Via ECF**

The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Centre Street, Courtroom 1105
New York, NY 10007

> Re: **Defendants' Response to Plaintiff's Recusal Request -** *Sibanda v. Elison et al.*, **Case No. 1:24-cv-06310 (Rel: 1:23-cv-05752-JMF)**

Dear Judge Furman:

We write by letter regarding Plaintiff's recent request to have Your Honor recuse himself from this litigation. We write to provide you with Defendants' positions on some of the many patently false accusations made in the request and to correct the record as to Plaintiff's mischaracterization of events.

While it is unclear to Defendants whether Plaintiff used the proper procedural vehicle to notice this request, if the Court would prefer us to formally brief and oppose this motion, we are happy to do so. We are also cognizant that due to Plaintiff's baseless accusations of a connection between Eisner, LLP, Defendants, and this Court, that such briefing may only give false credence to Plaintiff's new imagined conflict in this case and thus we would also be happy to simply rest on this letter correcting the record.

As an initial matter, and as Your Honor knows, there is absolutely no "prior relationship" between Eisner, LLP and Your Honor, other than normal litigation activity. That a member of the bar would make such a serious allegation without any proof beyond simply losing arguments before the Court due to their lack of merit is very troubling. We are also unaware of any "prior relationship" between any of the Defendants and Judge Furman outside of normal litigation activity, and certainly nothing that would give rise to any conflict of interest.

*Second*, Plaintiff makes numerous references to his status as a *pro se* litigant and suggests that he should be afforded special treatment on account of this status. Plaintiff simply cannot both tout his four degrees in law and also be afforded special consideration due to his choice to represent himself. Plaintiff's argument that he is being mistreated by the Court on account of his *pro se* status is therefore baseless and unbefitting a member of the bar.

*Third*, Plaintiff makes multiple claims that due to Defendants' presentation of meritorious arguments in both related matters, this Court has a bias against Plaintiff. That a member of the bar made this argument is again troubling. Plaintiff's position is untenable with our system of justice as he is essentially arguing that if the presiding court disagrees with him multiple times the judge

433 N. Camden Drive | 4th Floor | Beverly Hills, CA 90210
T 310.855.3200 | F 310.855.3201

**Eisner, LLP**
www.eisnerlaw.com

40 West 57th Street | Suite 2030 | New York, NY 10019
T 646.876.2600 | F 212.600.5020

The Honorable Jesse M. Furman
November 4, 2024
Page 2 of 2

must be biased against him. In support of his purported mistreatment, Plaintiff makes several misrepresentations of the procedural history of this case and misstates the law. For example:

- Plaintiff argues this Court violated its own orders by denying him a conference on Defendants' purported default. However, Plaintiff secured that default by falsely claiming that service was done by mail and that the answer was due September 24, 2024. Plaintiff – a practicing attorney – ignored Rule 6 and then ludicrously claimed Defendants defaulted on a Saturday. It was therefore not error or bias for this Court to give effect to a basic tenant of civil procedure – the counting of time – and strike Plaintiff's improper procurement of a default.

- Plaintiff's complaints that a conference has not been held also does not support bias. In the prior action, Plaintiff never got past the pleading stage due to his own failure to plead legally cognizable claims. Here, Plaintiff requested a conference *before* Defendants had even appeared – an improper request. Defendants, however, do not oppose a conference being held to discuss Plaintiff's voluminous and meritless filings in this action – so it is unclear to Defendants how not having a conference somehow shows bias *toward* Defendants.

- Plaintiff claims that he served Defendants on September 2, 2024 and that Defendants inappropriately changed the date on the waiver of service forms. Again, this is a falsehood. The summonses issued on September 3, 2024 and Plaintiff sent copies of the summons by email. The waivers sent by Plaintiff included September 2, 2024 as the service date – an impossibility as the summons did not issue yet.

- Lastly, Plaintiff is simply wrong that his appeal has also created a conflict of interest – an absurd argument for a practicing lawyer to make. Our entire system of justice would be upended if a party could appeal and then disqualify a judge on the basis that the appeal was still pending in the Circuit Court. More fundamentally, however, it is troubling that Plaintiff's request for recusal seemingly acknowledges that he is treating this Court's orders as if they have no effect until his appeal is decided – a completely incorrect statement of law given binding precedent.

It is increasingly becoming clear that Plaintiff's chief strategy is to ignore any rule or principle of law that disfavors him and burden the Court with filings that have nothing to do with the core issues of the case. It is our position this recusal request is another one of those baseless filings.

Defendants reserve all rights.

Respectfully submitted,

Angelo G. Labate

433 N. Camden Drive | 4th Floor | Beverly Hills, CA 90210
T 310.855.3200 | F 310.855.3201

**Eisner, LLP**
www.eisnerlaw.com

40 West 57th Street | Suite 2030 | New York, NY 10019
T 646.876.2600 | F 212.600.5020