UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X
                                                        :
KISSINGER N. SIBANDA,                                   :
                                                        :
                              Plaintiff,                :
                                                        :                    24-CV-6310 (JMF)
               -v-                                      :
                                                        :            MEMORANDUM OPINION
DAVID ELLISON et al.,                                   :               AND ORDER
                                                        :
                              Defendants.               :
                                                        :
---------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Plaintiff Kissinger N. Sibanda, a lawyer proceeding here *pro se*, is the author of a 2011

novel titled *The Return to Gibraltar*.  In 2023, he filed a lawsuit in this Court against various

companies and people involved in the 2019 movie *Gemini Man* and their lawyer, Ashlee Lin,

alleging copyright infringement and criminal conspiracy in violation of 18 U.S.C. § 241.  *See*

*Sibanda v. Elison* ("*Sibanda I*"), No. 23-CV-5752 (S.D.N.Y.), ECF No. 40 ("*Sibanda I*

Compl.").  In an Opinion and Order entered on August 14, 2024, the Court granted Defendants'

motion to dismiss that lawsuit in its entirety — albeit without prejudice to refiling a copyright

infringement claim (based on the fact that Sibanda had registered his copyright after filing his

complaint) — and imposed sanctions on Sibanda in connection with the Section 241 claim.  *See*

*Sibanda I*, No. 23-CV-5752 (JMF), 2024 WL 3835220 (S.D.N.Y. Aug. 14, 2024).[1]  Sibanda is

presently appealing that ruling, but in the meantime he filed this lawsuit.  As expressly permitted

by the Court's prior ruling, Sibanda again brings copyright infringement claims.  *See* ECF No. 29

---

[1]      In *Sibanda I*, the Court noted that Sibanda, as a lawyer, was not entitled to the special
solicitude ordinary afforded to a *pro se* litigant.  *See Sibanda I*, 2024 WL 3835220, at *2.  The
same is obviously true here as well.

("FAC"), ¶¶ 40-52, 62-68.  In addition, however, he also brings claims for civil conspiracy, abuse of process, unjust enrichment, and an accounting.  *See id.* ¶¶ 53-61, 69-90.  Defendants now move, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss those claims — that is, all claims other than Sibanda's copyright claims.  *See* ECF No. 76.[2]

Upon review of the parties' submissions, the Court grants Defendants' motion in its entirety.  For starters, all of the claims that Defendants seek to dismiss are barred by *res judicata*, also known as claim preclusion.[3]  Under the doctrine of *res judicata*, "a final judgment on the merits of an action precludes the parties . . . from relitigating issues that were or could have been raised in that action."  *Curtis v. Citibank, N.A.*, 226 F.3d 133, 139 (2d Cir. 2000) (cleaned up).  Claim preclusion bars both "claims that were brought and decided in a prior litigation" *and* "all other claims relating to the same transaction against the same defendant that could have been brought at that time."  *N. Assur. Co. of Am. v. Square D Co.*, 201 F.3d 84, 87 (2d Cir. 2000).  The paradigmatic case of claim preclusion is one in which a plaintiff "seek[s] to add additional claims against the same defendant" in one suit and "leave to amend is denied."  *Id.*  In any subsequent case, "these new claims [will] be barred."  *Id.*  The claims at issue here fit that description to a tee.  The fact that the Court dismissed Sibanda's copyright infringement claim "without prejudice to the filing of a new action," *Sibanda I*, 2024 WL 3835220, at *4 n.7, is of

---

[2]    Sibanda contends that this Court lacks jurisdiction to entertain Defendants' motion because of the pending appeal in *Sibanda I*, *see* ECF No. 128 ("Pl.'s Opp'n"), at 6, but that contention is frivolous because this is a different action.  *See Manbeck v. Micka*, 640 F. Supp. 2d 351, 363 (S.D.N.Y. 2009).

[3]    Defendants hint at, but do not explicitly invoke, *res judicata* in their motion papers.  Nevertheless, it is well settled that a district court may raise *res judicata sua sponte*.  *See, e.g.*, *Scherer v. Equitable Life Assurance Soc'y of U.S.,* 347 F.3d 394, 398 n. 4 (2d Cir. 2003) ("[A] court is free to raise [the res judicata] defense *sua sponte*, even if the parties have seemingly waived it."); *accord O'Connor v. Pierson*, 568 F.3d 64, 68 n. 2 (2d Cir. 2009); *Doe v. Pfrommer*, 148 F.3d 73, 80 (2d Cir. 1998); *Salahuddin v. Jones,* 992 F.2d 447, 449 (2d Cir. 1993).

no moment, as "the dismissal of [one] claim[] without prejudice . . . does not somehow prevent the application of *res judicata* principles to [other] claims raised" in an earlier suit, *Hommrich v. Marinette Cnty.*, 175 F.3d 1020 (Table), at *2 (7th Cir. 1999) (summary order); *accord*, *e.g.*, *Taylor v. MCI, Int'l*, 215 F. Supp. 2d 347, 353 (S.D.N.Y. 2002) (dismissing an ERISA claim as barred by *res judicata* where only state-law claims had been dismissed without prejudice); *Alrqiq v. New York Univ.*, No. 13-CV-8545 (JSR), 2014 WL 2447710, at *2 (S.D.N.Y. May 19, 2014) (same for a claim under 42 U.S.C. § 1981).

Regardless, each of Sibanda's claims fails for other reasons as well. First, Sibanda's civil conspiracy claim is plainly precluded by the Court's dismissal of his criminal conspiracy claim in *Sibanda I* and, in any event, fails for the same reasons. *See* 2024 WL 3835220, at *4. Issue preclusion (as opposed to claim preclusion) applies when "identical" issues are raised between the same parties in different suits, as when a civil claim alleges "identical conduct" to an earlier claim under a criminal statute. *See, e.g.*, *Sec. & Exch. Comm'n v. LaGuardia*, 679 F. Supp. 3d 34, 40 (S.D.N.Y. 2023). As noted, in *Sibanda I*, Sibanda raised a conspiracy claim, albeit under a criminal statute, 18 U.S.C. § 241, arguing that Defendants "jointly conspired . . . to file a declaratory judgment in the wrong forum" — a prior lawsuit in the Central District of California — "for purposes of depriving plaintiff of his protected legal remedy." *Sibanda I* Compl. ¶ 34. In dismissing that claim, the Court noted that it "rest[ed] on a false premise" because "the Central District of California action did not preclude Sibanda from filing his copyright infringement claim." *Sibanda I*, 2024 WL 3835220, at *4. The Court then rejected Sibanda's request to "replace his Section 241 claim with a claim for civil conspiracy" because it would fail for the same reasons. *Id.* At bottom, Sibanda's civil conspiracy claim here is identical to his criminal conspiracy claim in *Sibanda I*; indeed, it is copied nearly verbatim. *Compare* FAC

¶¶ 45-52, *with Sibanda I* Compl. ¶¶ 33-36.  And to the extent that Sibanda argues that this Court's earlier decision lacks preclusive effect while his appeal in *Sibanda I* is pending, *see* Pl.'s Opp'n 26, he is simply wrong, *see, e.g.*, *United States v. Walker*, 239 F. Supp. 3d 738, 742 (S.D.N.Y. 2017) ("[I]t is settled law, not just in the Second Circuit but also in the Supreme Court, that a district court judgment is imbued with preclusive effect while an appeal is pending." (citing *Coleman v. Tollefson*, 575 U.S. 532 (2015)) (emphasis omitted)).  In any event, even if the Court's decision in *Sibanda I* were not issue preclusive, the civil conspiracy claim here would fail for the very same reasons — namely, it rests on the "false premise" that the California action "preclude[d] Sibanda from filing his copyright infringement claim."  *Sibanda I*, 2024 WL 3835220, at *4.

Second, Sibanda's unjust enrichment claim is plainly preempted by the Copyright Act. Notably, in *Sibanda I*, the Court denied Sibanda leave to amend to add an unjust enrichment claim on precisely that ground.  *See Sibanda I*, 2024 WL 3835220, at *4.  A claim is preempted by the Copyright Act when "(1) the particular work to which the claim is being applied falls within the type of works protected by the Copyright Act," and "(2) the claim seeks to vindicate legal or equitable rights that are equivalent to one of the bundle of exclusive rights already protected by copyright law."  *Briarpatch Ltd., L.P v. Phoenix Pictures, Inc.*, 373 F.3d 296, 305 (2d Cir. 2004); *accord Universal Instruments Corp. v. Micro Sys. Eng'g, Inc.*, 924 F.3d 32, 48 (2d Cir. 2019).  Sibanda's claim that Defendants "benefitted . . . unlawful[ly]" from various contracts concerning the sale and distribution of *Gemini Man* because it "is not original, but an expensive reap-off [sic] of 'The Return to Gibraltar'" is squarely within those bounds.  FAC ¶ 59; *see also, e.g.*, *Monbo v. Nathan*, 623 F. Supp. 3d 56, 112 (E.D.N.Y. 2022) (dismissing a similar unjust enrichment claim as preempted by the Copyright Act).  The fact that Sibanda seeks

different damages from his unjust enrichment claim and his copyright claim, *see* Pl.'s Opp'n 14-15, is no ground to reach a different conclusion, *see, e.g.*, *Roberts v. BroadwayHD LLC*, No. 19-CV-9200 (KPF), 2022 WL 976872, at *16 (S.D.N.Y. Mar. 31, 2022) (holding that an unjust enrichment claim was preempted where the plaintiff sought "to use his unjust enrichment claim to recoup any damages that may not be recoverable under the Copyright Act").  The unjust enrichment claim is therefore preempted and must be, and is, dismissed.

Third, Sibanda's accounting claim fails for the same reason.  It is well established that "accounting claims based primarily on copyright infringement . . . are preempted." *Gary Friedrich Enters., LLC v. Marvel Enters., Inc.*, 713 F. Supp. 2d 215, 233 (S.D.N.Y. 2010).  By Sibanda's own description, the claim is for "income generated by the unlawful use of Plaintiff's copyright," FAC ¶ 89, and is "intricately connected with the Copyright claim itself," Pl.'s Opp'n 29.  In any event, "[r]egardless of the title" that Sibanda uses for the cause of action, his "basic claim is that because he is . . . []owner of the copyright[]," Defendants are liable to him for their use of the copyrighted material.  *Weber v. Geffen Recs., Inc.*, 63 F. Supp. 2d 458, 463 (S.D.N.Y. 1999).  "It is only through this basic claim" of copyright infringement "that any enrichment is unjust, . . . or that anyone profiting must account to plaintiff." *Id.*; *see also McKenzie-Morris v. V.P. Records Retail Outlet, Inc.*, No. 22-CV-1138 (GHW), 2023 WL 5211054, at *10-11 (S.D.N.Y. Aug. 13, 2023) (collecting cases).  Accordingly, his accounting claim is also preempted.  It too must be and is dismissed.

That leaves only Sibanda's claim for abuse of process, which mirrors in some respects his civil conspiracy claim, but is brought against only one Defendant, Lin.  The statute of limitations for an abuse-of-process claim is one year under both California and New York law.  *See Bidari v. Kelk*, 307 Cal. Rptr. 3d 702, 719 (Cal. Ct. App. 2023); *Benyo v. Sikorjak*, 858 N.Y.S.2d 215,

218 (N.Y. App. Div. 2008). To the extent that Sibanda's claim rests on Lin's conduct in the

California action, therefore, it is plainly time barred. The California case was closed on July 30,

2021 (a fact of which the Court here can take judicial notice), *see Skydance Development, LLC et*

*al. v. Sibanda*, No. 20-CV-8145 (CBM) (C.D. Cal. July 30, 2021), ECF No. 99; *see also, e.g.*,

*Press v. Primavera*, 685 F. Supp. 3d 216, 224 (S.D.N.Y. 2023) (stating that "[c]ourts in this

District routinely take judicial notice, on a motion to dismiss, of . . . filings made on court

dockets" including to demonstrate "the date and fact of [] filing"); *Giannone v. Bank of Am.,*

*N.A.*, 812 F. Supp. 2d 216, 222 n.2 (E.D.N.Y. 2011) ("[C]ourts have routinely considered such

public documents in deciding motions to dismiss on statute of limitations grounds."), and this

suit was not filed until August 21, 2024, over three years later. *See, e.g., Ellul v. Congregation*

*of Christian Bros.*, 774 F.3d 791, 798 n.12 (2d Cir. 2014) (noting that while timeliness is

typically an affirmative defense, a court may grant a motion to dismiss on the basis of a statute of

limitations when the deficiency is clear from the face of the complaint).

       Sibanda also includes allegations in his abuse-of-process claim regarding "Lin's trial

strategy in this instant matter," which appears to be a reference to either or both *Sibanda I* and

this case. FAC ¶ 83. In particular, he challenges (as he did in *Sibanda I*) Lin's "representation

authority" for the other Defendants. *Id.* ¶ 84. That portion of the claim would be subject to New

York law, *see, e.g., Bak v. Metro-North RR. Co.*, 100 F. Supp. 3d 331, 337 (S.D.N.Y. 2015)

(stating that, for an abuse-of-process claim, "the law of the place of the tort will apply"), which

provides that "a malicious abuse-of-process claim lies against a defendant who (1) employs

regularly issued legal process to compel performance or forbearance of some act (2) with intent

to do harm without excuse of justification, and (3) in order to obtain a collateral objective that is

outside the legitimate ends of the process," *Savino v. City of New York*, 331 F.3d 63, 76 (2d Cir.

2003).  The Complaint does not allege that any process was issued in *Sibanda I* or this action —

both of which Sibanda himself commenced — that has "direct[ed] or demand[ed] that [Sibanda]

perform or refrain from the doing of some described act," as is required for an abuse-of-process

claim to lie.  *Williams v. Williams*, 246 N.E.2d 333, 335 (N.Y. 1969).  Nor does Sibanda's

allegation that Lin harbored an alleged ulterior motive of coercing a "pressured settlement," FAC

¶ 83, salvage his claim, *see, e.g.*, *Stroock & Stroock & Lavan v. Beltramini*, 550 N.Y.S.2d 337,

338 (N.Y. App. Div. 1990) ("Nor does the allegation that suit was instituted to coerce a

settlement constitute a sufficient basis for maintenance of the action."); *accord Perry v.

Manocherian*, 675 F. Supp. 1417, 1429 (S.D.N.Y. 1987).  Whatever its focus, Sibanda's abuse-

of-process claim therefore fails as matter of law as well.[4]

　　　　For all of the foregoing reasons, Defendants' partial motion to dismiss is GRANTED in

full, which leaves only Sibanda's claim for copyright infringement (which is brought against all

Defendants other than Will Smith, Paramount Pictures, Fosun Pictures, Inc., and Ashlee Lin), *see*

FAC ¶¶ 40-44, and his claim for contributory copyright infringement (which is brought against

only Paramount Pictures), *see id.* ¶¶ 62-68.  Further, the Court declines to *sua sponte* grant

Sibanda leave to amend.  Although leave to amend should be freely given "when justice so

requires," Fed. R. Civ. P. 15(a)(2), it is "within the sound discretion of the district court to grant

or deny leave to amend, *Broidy Cap. Mgmt. LLC v. Benomar*, 944 F.3d 436, 447 (2d Cir. 2019).

Here, the problems with Sibanda's dismissed claims are substantive, so amendment would be

---

[4]　　　Sibanda argues that he has a "right under the Seventh Amendment" to have his abuse-of-process and civil conspiracy claims decided by a jury.  Pl.'s Opp'n 21 n.11.  That argument is frivolous.  *See, e.g.*, *Huelbig v. Aurora Loan Servs., LLC*, No. 10-CV-6215 (RJH) (THK), 2011 WL 4348275, at *1 (S.D.N.Y. Sept. 16, 2011) (rejecting the argument that "because the Seventh Amendment affords . . . a right to a jury trial," a case otherwise subject to the Seventh Amendment "cannot be resolved through a mechanism such as a motion to dismiss").

futile. *See, e.g.*, *Roundtree v. NYC*, No. 19-CV-2475 (JMF), 2021 WL 1667193, at *6 (S.D.N.Y. Apr. 28, 2021) (citing cases). Moreover, Sibanda does not — and could not — suggest that he is in possession of facts that would cure the problems with his dismissed claims. *See, e.g.*, *Clark v. Kitt*, No. 12-CV-8061 (CS), 2014 WL 4054284, at *15 (S.D.N.Y. Aug. 15, 2014) ("A plaintiff need not be given leave to amend if he fails to specify how amendment would cure the pleading deficiencies in his complaint."); *accord TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505-06 (2d Cir. 2014). Finally, the Court previously notified Sibanda of his right to amend in response to Defendants' motion to dismiss and expressly warned him that, if he did not take that opportunity, he would "not be given any further opportunity to amend the complaint to address issues raised by the motion to dismiss." ECF No. 112; *see also, e.g.*, *Overby v. Fabian*, No. 17-CV-3377 (CS), 2018 WL 3364392, at *14 (S.D.N.Y. July 10, 2018) ("Plaintiff's failure to fix deficiencies in his previous pleading, after being provided ample notice of them, is alone sufficient ground to deny leave to amend *sua sponte*.").

The Defendants against whom the remaining claims are brought shall file an answer **within fourteen days** of the date of this Memorandum Opinion and Order. *See* Fed. R. Civ. P. 12(a)(4)(A). By separate Order, the Court will schedule an initial pretrial conference, at which the parties should be prepared to address Defendants' stated intention to "address" the remaining copyright claims "by a separate dispositive motion on the merits." ECF No. 77 ("Defs.' Mem."), at 2 n.4. Finally, both sides filed motions for sanctions, *see* ECF Nos. 80, 89, further briefing as to which was stayed pending this ruling, *see* ECF No. 112. In light of this ruling, and given the overlapping nature of the two motions, the stay is lifted and the parties shall adhere to the following briefing structure and schedule: No later than **February 14, 2025**, Sibanda shall file his opposition to Defendants' motion for sanctions, not to exceed twenty-five pages; no later

than **February 28, 2025**, Defendants shall file a single, consolidated memorandum of law, not to exceed twenty-five pages, opposing Sibanda's motion for sanctions and replying to Sibanda's opposition; and no later than **March 7, 2025**, Sibanda shall file a memorandum of law, not to exceed fifteen pages, replying to Defendants' opposition to his motion.

The Clerk of Court is directed to terminate ECF No. 76 and to terminate as parties the following Defendants: Will Smith, Paramount Pictures, Fosun Pictures, Inc., and Ashlee Lin.

SO ORDERED.

Dated: January 31, 2025
   New York, New York

             JESSE M. FURMAN
            United States District Judge