### THE LAW OFFICE OF KISSINGER N. SIBANDA ESQ, PLLC
https://www.thelawofficesofkissingersibanda.com

1802 Vernon St NW PMB 558,
DC 20009

Mail To: PO Box 714  Livingston, NJ 07039
Tel: 862-250-9684
Email: ksibanda@temple.edu
Email: ksibanda@thelawofficesofkissingersibanda.com



*Nemo me impune lacessit*

February 23, 2025

### PLANTIFF'S REQUEST FOR ORAL HEARING

*Sibanda v. Ellison et al, 1:24-cv-06310 (JMF)*

Honorable Judge Jesse M. Furman,

Plaintiff respectfully requests oral argument on Mr. Labate's motion to withdraw, ECF No 147-149, 1:24-cv-06310 (JMF): *that is, if the court is inclined to grant the withdrawal, over plaintiff's objections[1]*.

Even if Labate's motion is granted, Plaintiff requests that the Court <u>retain jurisdiction</u> over the withdrawing attorney, Angelo Labate, in connection with Plaintiff's pending motion or any future sanctions motions. See *Joint Stock Co. Channel One Russia Worldwide v. Infomir LLC,* No. 16CV1318GBDBCM, 2017 WL 5067432, at *7 (S.D.N.Y. May 9, 2017) ("this Court may retain jurisdiction over a withdrawing attorney in connection with a pending sanctions motions"); see, e.g., *Logicom Inclusive, Inc. v. W.P. Stewart & Co*., No. 04–CV–604 (CSH)(DFE), 2008 WL 1777855, at *2 (S.D.N.Y. Apr. 16, 2008) (retaining jurisdiction over sanctions claim notwithstanding attorneys' withdrawal from case).

At a minimum, Plaintiff respectfully requests that the Court require any attorney whose representations or conduct is at issue in the pending or forthcoming motions (for sanctions) to attend any hearings on these motions or otherwise remain available to the Court and the parties to ensure the full and fair disposition of the pending motions.

If Labate's motion is denied, then this instant motion for oral argument is moot. The court is respectfully directed to its own well written decision under somewhat similar facts[2] in, *State of New*

---

[1] This Court's local rules require that counsel seeking to withdraw demonstrate "satisfactory reasons" for withdrawal. Local Civ. R. 1.4. "[W]hen considering whether to grant a motion to withdraw under Rule 1.4, courts must analyze two factors: the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding." *Winkfield v. Kirschenbaum & Phillips*, P.C., No. 12 CIV. 7424 JMF, 2013 WL 371673, at *1 (S.D.N.Y. Jan. 29, 2013). The court must consider whether and to what extent "the prosecution of the suit is likely to be disrupted by the withdrawal of counsel." *Skyline Steel, LLC v. PilePro*, LLC, No.13-CV-8171 JMF, 2015 WL 1000145, at *1 (S.D.N.Y. Mar. 5, 2015) (citation and brackets omitted). Here, the conclusion of these proceedings, require Labate's participation.
[2] What the New York Bar's Board of Professional Responsibility terms as "hot potato," withdrawals.

## THE LAW OFFICE OF KISSINGER N. SIBANDA ESQ, PLLC

https://www.thelawofficesofkissingersibanda.com

1802 Vernon St NW PMB 558,
DC 20009

Mail To: PO Box 714  Livingston, NJ 07039
Tel: 862-250-9684
Email: ksibanda@temple.edu
Email: ksibanda@thelawofficesofkissingersibanda.com



*York, et al.v. U.S. Dep't of Commerce, et al.*, 18-CV-2921 (JMF). *See* ECF No. 623.

Date: February 23rd, 2025

Respectfully submitted,

Signature

The request for oral argument is denied.  Given Plaintiff's representation that the parties are likely to file a stipulation of settlement this week, *see* ECF No. 149, at 2, the Court will defer a decision on Mr. Labate's (seemingly routine) motion to withdraw until next week.  The Court commends both sides on their good faith efforts to resolve their disputes and hopes that they are able to finalize their agreement.  The Clerk of Court is directed to terminate ECF No. 150.

SO ORDERED

February 24, 2025

2