# THE LAW OFFICE OF KISSINGER N. SIBANDA ESQ, PLLC
https://www.thelawofficesofkissingersibanda.com

1802 Vernon St NW PMB 558,
DC 20009
Email: ksibanda@thelawofficeofkissingersibanda.com
Tel: 862-250-9684



*Nemo me impune lacessit*

March 4th, 2025

*Sibanda v. Ellison*, 1:24-cv-06310 (JMF)

## March 6th, 2025, Conference Request:
## Attendance of David Ellison

Honorable Judge Jesse M. Furman,

Plaintiff respectfully requests that David Ellison, the lead plaintiff be present via telephone on Thursday. The reason for the request is that parties have never engaged in any settlement negotiations in which defendants were present, only settlement emails (no phone calls), between plaintiff and defendant counsel. Not a single settlement zoom conference between parties.

When plaintiff requested a zoom conference, with David Ellison present, defendants' counsel refused. Exhibit: 1 and 2. Defendants' counsel, operate as if the letter of the law does not apply to them: its civility and customary practices, when interacting with plaintiff.

Given such history, Plaintiff requests the attendance of David Ellison, because - at the minimum, it will ensure a speedy resolution to the pending settlement. Mr. Ellison is also the CEO of Skydance Development LLC, Skydance Pictures LLC, Gemini Pictures LLC and will purchase Paramount Pictures, if the merger is approved. Ellison is not above the law, to attend court sessions in which he has been sued: specifically attending a conference that is conducted telephonically with the minimum of constraints. In recent memory, President Trump, has been made to physically attend court and avail himself, despite being represented by counsel. If a U.S. president can be required to attend court and hear issues pertinent to his rights in a case; a CEO, is no different.

# THE LAW OFFICE OF KISSINGER N. SIBANDA ESQ, PLLC
https://www.thelawofficesofkissingersibanda.com

1802 Vernon St NW PMB 558,
DC 20009
Email: ksibanda@thelawofficeofkissingersibanda.com
Tel: 862-250-9684



More concisely, the Fourteenth Amendment demands that everyone regardless of wealth or social status, be treated equally before the courts; not with favoritism or marked indifference.

Plaintiff also brings to the court's attention that Eisner LLP, (with the exception of Ashlee Lin) are not the opposing party in this matter, regardless of the fact that they are defendants' counsel; the rights and obligations in the settlement are between parties and signed by parties. Any settlement conference or discussion requires the parties contracting, and at a minimum - the lead defendant: David Ellison, to be present, as well as the lead plaintiff (Kissinger N. Sibanda). In any event, Mr. Ellison, has the power to adjust settlement terms or ascent; after being persuaded by an evidential hearing, such as a settlement conference.

Stated differently, Mr. Ellison's attendance at the March 6th, 2025, telephone conference should be required to ensure finality in these settlement negotiations and dispute. Also, given that the court states, it wishes to assist in the settlement process: "The parties should be prepared to discuss Plaintiff's recent filings in this case and in *Sibanda v. Ellison*, No 23-cv-5752 (JMF), **and what if anything, the court can do to facilitate finalization of the parties potential settlement**." ECF. No. 158.

Plaintiff has never attended a settlement conference, in which the party present was only from one side, and in which, any positive outcome emerged from the settlement conference. Eisner LLP, now wish to litigate their rights in the matter – and not necessarily in the best interest of their clients. (E.g. no settlement conferences between parties, and *de facto* removal of attorney Labate[1]

---

[1] Labate cannot contract out of his ethical and fiduciary duty to his former clients by ending his employment at Eisner LLP; this is not how the practice of law works.

THE LAW OFFICE OF KISSINGER N. SIBANDA ESQ, PLLC
https://www.thelawofficesofkissingersibanda.com

1802 Vernon St NW PMB 558,
DC 20009
Email: ksibanda@thelawofficeofkissingersibanda.com
Tel: 862-250-9684



from the matter, when his motion to withdraw is still pending and when Labate still owes a fiduciary duty to his former clients[2]).

Plaintiff thanks the court for setting up the March 6th, 2025, teleconference.

Date: March 4th, 2025

_____
Signature

---

[2] The bench is directed to its own decision in, *State of New York, et al. v. U.S. Dep't of Commerce, et al.*, 18-CV-2921 (JMF), regarding such attorney withdrawals. At ECF No. 623. Labate is also the subject of pending sanctions motion should the motion to settle be denied.