THE LAW OFFICE OF KISSINGER N. SIBANDA ESQ, PLLC
https://www.thelawofficesofkissingersibanda.com

| | |
|---|---|
| 1802 Vernon St NW PMB 558,<br>DC 20009 | Mail To: PO Box 714   Livingston, NJ 07039<br>Tel: 862-250-9684<br>Email: ksibanda@temple.edu<br>Email: ksibanda@thelawofficesofkissingersibanda.com |



*Nemo me impune lacessit*

March 17, 2025

**PLANTIFF'S LETTER MOTION TO ENFORCE TELEPHONE CONFERENCE.**

*Sibanda v. Ellison et al, 1:24-cv-06310 (JMF)*

Honorable Judge Katherine M. Parker,

Plaintiff respectfully requests this letter motion to enforce the settlement conference of March 26th, 2025, in particular Judge Katherin Harper's rule on settlement, Rule V.F, stating that:

> Attendance. The parties – **not just the attorneys** – must attend the Settlement Conference in person. In the event personal attendance is a hardship, a party may make a written request no later than one week in advance of the conference to attend by phone. Each party must supply its own interpreter, if required. Corporate parties or labor unions must send the person with decision-making authority to settle the matter to the conference. Where liability insurance is involved, a decision-making representative of each carrier must attend unless specifically excused by the Court. Where any government agency is a party, counsel of record must be accompanied by a knowledgeable representative from the agency. In addition, in cases where the Comptroller of the City of New York has authority over settlement, the Assistant Corporation Counsel must make arrangements in advance of the conference for a representative of the Comptroller either to attend the conference or to be available by telephone to approve any proposed settlement.                *Id.*

It is my understanding that defendants have no interest of having the actual parties attend the telephone conference scheduled for March 26th, 2026. But to have lawyers from Eisner LLP attend and argue instead, a clear waste of the court's time, as Eisner LLP is not the afflicted party, nor do they have any settlement authority to adjust any offers but rely on Mr. Ellison's instruction.

1

THE LAW OFFICE OF KISSINGER N. SIBANDA ESQ, PLLC
https://www.thelawofficesofkissingersibanda.com

1802 Vernon St NW PMB 558,
DC 20009

Mail To: PO Box 714   Livingston, NJ 07039
Tel: 862-250-9684
Email: ksibanda@temple.edu
Email: ksibanda@thelawofficesofkissingersibanda.com



In plaintiff's view, attendance by plaintiff only, violates the Rule on good faith settlement conferences requiring the actual party and wastes valuable recourses the court has already allocated to parties: including a reset of due dates and a magistrate settlement intervention.

In addition, since settlement negotiations started, the actual parties have never addressed each other, *via zoom or telephone*, for settlement purposes only. It has been Eisner LLP lawyers, and the plaintiff – from day one.

In the event that David Ellison, lead plaintiff, and CEO of Skydance LLC, Gemini Pictures LLC, with future interest in Paramount; does not attend the telephone conference scheduled for March 26, 2025, plaintiff respectfully asks that this court find defendants in contempt, of Order, ECF No. 171, Parker Civil Rules, Rule V.f, by inference. The Court's Orders[1] are sacrosanct, and both party's must adhere to its dictates, to secure outcomes that have operative effect. *Adams v. N.Y. State Educ*. Dep't, 959 F. Supp. 2d 517, 520 (S.D.N.Y. 2013).

Plaintiff asks that Eisner LLP, be made to pay the costs and any other sanctions closely tied to the court's settlement efforts. Notwithstanding that, this court has made the generous accommodation of not asking the parties to attend physically; consequently, attendance via telephone by parties is a minimalist requirement to protect defendants' interests.

If the March 26th, 2025, telephone settlement conference is properly attended by defendant parties (not Eisner LLP); plaintiff asks the court to deny this motion as moot.

---

[1] To date plaintiff has not received a good faith counter-offer from defendants, commensurate with Judge Parker's settlement rules that parties exchange their best offer; 14 days before the conference (movant) and a counter-off, 8 days before the conference (non-movant).

## THE LAW OFFICE OF KISSINGER N. SIBANDA ESQ, PLLC
https://www.thelawofficesofkissingersibanda.com

1802 Vernon St NW PMB 558,  
DC 20009

Mail To: PO Box 714   Livingston, NJ 07039  
Tel: 862-250-9684  
Email: ksibanda@temple.edu  
Email: ksibanda@thelawofficesofkissingersibanda.com



Plaintiff asks that this motion by deemed filed, and to await to see whether defendants will comply on March 26th, 2025. The due date on this motion being March 31st, 2025.

Date: March 17, 2025

_____  
Signature