# SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This SETTLEMENT AGREEMENT AND MUTUAL RELEASE (the "Agreement") is made and entered into on May 1, 2025 (the "Effective Date") between SKYDANCE DEVELOPMENT, LLC, a California limited liability company, SKYDANCE PRODUCTIONS, LLC, a California limited liability company, and GEMINI PICTURES, LLC, a California limited liability company, PARAMOUNT PICTURES CORPORATION, a Delaware corporation, DAVID ELLISON, an individual, WILLARD CARROLL SMITH II, an individual, DARREN LEMKE, an individual, BILLY RAY, an individual, DAVID BENIOFF, an individual (collectively, the "Skydance Parties"), and ASHLEE LIN, on the one hand, and Dr. KISSINGER N. SIBANDA ("Dr. Sibanda"), on the other hand. The Skydance Parties, Ashlee Lin and Sibanda are sometimes hereinafter referred to individually as a "Party" and collectively as the "Parties."

WHEREAS, Dr. Sibanda asserts that the motion picture *Gemini Man* (the "Picture") infringes the copyright in his book *Return to Gibraltar* (the "Book");

WHEREAS, on July 6, 2023, Dr. Sibanda filed an action against certain of the Skydance Parties and other defendants including Ashlee Lin, captioned *Kissinger N. Sibanda v. David Elison et al.* in the Southern District of New York, Case No. 1:23-cv-05752 (the "First NY Action");

WHEREAS, on August 21, 2024, Dr. Sibanda filed another action against certain of the Skydance Parties and other defendants including Ashlee Lin, captioned *Kissinger N. Sibanda v. David Ellison et al.* in the Southern District of New York, Case No. 1:24-cv-06310 (the "Second NY Action");

WHEREAS, on October 31, 2024, the court in the First NY Action ordered Dr. Sibanda to pay $13,665,75 in sanctions (the "Sanctions Award");

WHEREAS, on September 9, 2024, Dr. Sibanda appealed the Sanctions Award (and related orders) to the Second Circuit in Case No. 24-02348 (the "First Appeal");

WHEREAS, on December 12, 2024, Dr. Sibanda filed an appeal of an order from the court in the First NY Action denying Dr. Sibanda's request to stay the Sanctions Award to the Second Circuit in Case No. 24-03251 (the "Second Appeal"), which was dismissed on January 30, 2025; and

WHEREAS, the Parties desire to resolve the First NY Action, the Second NY Action, the First Appeal, the Second Appeal (collectively, the "Proceedings") and any and all claims, demands, disputes and causes of action between the Parties.

NOW, THEREFORE, in consideration of the mutual promises set forth herein, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1. <u>Consideration and Stipulated Dismissals</u>.

    a. The Parties hereby agree that, pursuant to the terms and conditions set forth in this Agreement, the Proceedings shall be dismissed, and the Skydance Parties shall pay to Dr. Sibanda the total settlement amount of fifteen thousand dollars ($15,000) (the "Settlement Amount"), paid within five (5) business days of the full execution of this Agreement and receipt of a completed W-9, by check via express mail with tracking.

1

Docusign Envelope ID: 9557662F-62B5-4BE4-A066-2E5AD7CF9387
Case 1:24-cv-06310-JMF    Document 198    Filed 05/20/25    Page 2 of 20

Agreement
Page 2 of 9

    The Skydance Parties and Ashlee Lin will not seek any costs or attorney fees related to the Proceedings.

    b.  Within ten (10) business days of the full execution of this Agreement and receipt of the relevant Skydance Parties' and Ashlee Lin's signature to Exhibits A and B, Dr. Sibanda will file (i) **Exhibit A**, a Joint Stipulation of Settlement and Order of Dismissal with Prejudice, with this Agreement attached, in the Second NY Action and (ii) **Exhibit B**, a Joint Stipulation of Dismissal with prejudice of the First Appeal (24-2348: 2d Cir). Upon the filing of Exhibit A in the Second NY Action, the Parties' pending cross-motions for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure in the Second NY Action shall be deemed fully withdrawn.

    c.  The Parties shall keep the terms and conditions of this Agreement strictly confidential, except that the Parties may disclose this Agreement to their accountants, insurers, and attorneys, or as otherwise required by law.

2.  <u>Waiver of Sanctions</u>. As further consideration, the Skydance Parties and Ashlee Lin agree to waive any entitlement to collect sanctions pursuant to the Sanctions Award and Dr. Sibanda shall have no obligation to pay any such sanctions regarding 1:23-cv-05752 (JMF), ECF No. 154. For the avoidance of doubt, the Parties agree that no transfer of any copyright or other interest in "Hannibal the Great" has occurred in any way, been finalized, or is required. This settlement nullifies the transferred lien or intent thereof by Dr. Sibanda of any interest in "Hannibal the Great."

3.  <u>Mutual Release</u>.

    a.  Except for the obligations provided herein, each of the Skydance Parties and Ashlee Lin, and their respective employees, assignees, members, shareholders, managers, directors, officers, joint venturers, predecessors, partners, representatives, affiliates, attorneys, agents, brokers, parent entities, subsidiary entities, successors, licensees and assigns (and their sublicensees and assigns), heirs, estates, family members, and publishers do hereby absolutely, forever and fully, generally and specifically, release and discharge Dr. Sibanda and each of his indemnitees, employees, assignees, members, shareholders, managers, directors, officers, joint venturers, predecessors, partners, representatives, affiliates, attorneys, agents, brokers, insurers, parent entities, subsidiary entities, successors, licensees and assigns (and their sublicensees and assigns), heirs, estates, family members, and publishers of and from any and all actions, causes of actions, suits, debts, liens, rights, contentions, reckonings, obligations, contracts, agreements, accounts, duties, promises, liabilities, claims, judgments, demands, damages, losses, costs or expenses, of any nature whatsoever (including, without limitation any and all third party actions, counterclaims, or cross-claims of any kind, no matter how denominated), in law or equity, either known or unknown, suspected or unsuspected, claimed or concealed, fixed or contingent, that they ever had or now have against each other, from the beginning of time until the Effective Date, including but not limited to: (i) any and all claims relating to the Picture or the Book; (ii) any and all claims and causes of action, arising out of or related to the matters alleged in the Proceedings; (iii) and any alleged violation of (x) Title 17 U.S.C. Section 102 (a)1. (The Copyright Act), (y) any other federal, state or local law, rule, regulation, or ordinance, and (z) any public policy,

Docusign Envelope ID: 9557662F-63B5-4BE4-A066-2E5AD7CF9387
Case 1:24-cv-06310-JMF    Document 198    Filed 05/20/25    Page 3 of 20

Agreement
Page 3 of 9

contract, tort, or common law, including claims for wrongful detention, false imprisonment, battery, assault, negligence, or emotional distress; and (iv) any basis for recovering costs, fees, or other expenses including attorneys' fees incurred in the Proceedings.

    i.    For the avoidance of doubt, the release set forth in this Section 3.a. covers any and all claims, past, present or future, relating to the exploitation of the Book, against the released parties only, including but not limited to any claims that the Book infringes the Skydance Parties' copyrights and/or other intellectual property, in perpetuity. Nothing herein shall constitute a transfer of, or license to use any Copyright in the Picture, whether in the past, present and future.

b. Except for the obligations provided herein, Dr. Sibanda and each of his employees, assignees, members, shareholders, managers, directors, officers, joint venturers, predecessors, partners, representatives, affiliates, attorneys, agents, brokers, parent entities, subsidiary entities, successors, licensees and assigns (and their sublicensees and assigns), heirs, estates, family members, and publishers do hereby absolutely, forever and fully, generally and specifically, release and discharge the Skydance Parties and Ashlee Lin, and their respective indemnitees, employees, assignees, members, shareholders, managers, directors, officers, joint venturers, predecessors, partners, representatives, affiliates, attorneys, agents, brokers, insurers, parent entities, subsidiary entities, successors, licensees and assigns (and their sublicensees and assigns), heirs, estates, family members, and publishers (the "Skydance Released Parties") of and from any and all actions, causes of actions, suits, debts, liens, rights, contentions, reckonings, obligations, contracts, agreements, accounts, duties, promises, liabilities, claims, judgments, demands, damages, losses, costs or expenses, of any nature whatsoever (including, without limitation any and all third party actions, counterclaims, or cross-claims of any kind, no matter how denominated), in law or equity, either known or unknown, suspected or unsuspected, claimed or concealed, fixed or contingent, that they ever had or now have against each other, from the beginning of time until the Effective Date, including but not limited to: (i) any and all claims relating to the Picture or the Book; (ii) any and all claims and causes of action, arising out of or related to the matters alleged in the Proceedings; (iii) and any alleged violation of (x) Title 17 U.S.C. Section 102 (a)1. (The Copyright Act), (y) any other federal, state or local law, rule, regulation, or ordinance, and (z) any public policy, contract, tort, or common law, including claims for wrongful detention, false imprisonment, battery, assault, negligence, or emotional distress; and (iv) any basis for recovering costs, fees, or other expenses including attorneys' fees incurred in the Proceedings. For the avoidance of doubt, the Skydance Released Parties shall include without limitation David Ellison, David Benioff, David Ray, Darren Lemke, Ashlee Lin, Willard Caroll Smith II, Paramount Pictures Corporation, Skydance Productions, LLC, Skydance Development LLC, Gemini Pictures, LLC, Ang Lee, and Fosun Pictures Inc.

    i.    For the avoidance of doubt, the release set forth in this Section 3.b. covers any and all claims, past, present or future, relating to the exploitation of the Picture, against the Skydance Released Parties only, including but not limited to any claims that the Picture infringes Dr. Sibanda's copyrights and/or other intellectual

1775237

Docusign Envelope ID: 9557662F-63B6-4BE4-A066-2E5AD7CF9387

property, in perpetuity. Nothing herein shall constitute a transfer of, or license to use, any Copyright in the Book, whether in the past, present and future.

4. <u>Unknown Claims.</u> The Parties acknowledge and understand that there is a risk that subsequent to the execution of this Agreement, they may discover, incur or suffer claims that were unknown or unanticipated at the time of the execution of this Agreement, and which, if known on the date of the execution of this Agreement, might have materially affected their decision to enter into and execute this Agreement. The Parties further agree that by reason of the releases contained herein, the Parties are assuming the risk of such unknown claims and agree that this Agreement applies thereto. In connection therewith, the Parties expressly waive the benefits of Section 1542 of the California Civil Code, and any other similar statutory or case law authority of the United States of America, of any State, territory or possession thereof as it relates to their disputes, and any other claims, and all matters related thereto, which section reads as follows:

> "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY."

5. <u>Claims Not Released</u>. For the avoidance of doubt, Parties are not waiving any rights they may have to (i) enforce this Agreement; and/or (ii) challenge the validity of this Agreement. Furthermore, nothing in this Agreement prohibits or prevents Dr. Sibanda from filing a charge with or participating, testifying, or assisting in any investigation, hearing, whistleblower proceeding or other proceeding before any federal, state, or local government agency (e.g. EEOC, NLRB, SEC, etc.), nor does anything in this Agreement preclude, prohibit, or otherwise limit, in any way, Dr. Sibanda's rights and abilities to contact, communicate with, report matters to, or otherwise participate in any whistle-blower program administered by any such agencies.

6. <u>Agreement Not to File Any Future Claim</u>. The Skydance Parties and Ashlee Lin hereby agree not to file any subsequent lawsuit that includes any of the claims released in Sections 3 and 4, including without limitation any claims alleged in the Proceedings, and agree not to seek any attorneys' fees or costs in connection therewith. Dr. Sibanda hereby agrees not to file any subsequent lawsuit that includes any of the claims released in Sections 3 and 4, including without limitation any claims alleged in the Proceedings, and agrees not to seek any attorneys' fees or costs in connection therewith. For the avoidance of doubt, each Party shall bear its own fees and costs in connection with the First NY Action (1:23-cv-05752), the Second NY Action (1:24-cv-06310 (JMF)), the First Appeal (24-2348), and neither Party shall be considered a prevailing party in any of these matters.

7. <u>Non-Disparagement</u>. The Parties agree not to defame or maliciously disparage, in any way, the other Party, or its officers, directors, management, employees, representatives, or services in any manner or forum, including any electronic forum.

8. <u>Entering Freely</u>. Each Party acknowledges and agrees (i) that it is entering into this Agreement freely and voluntarily and not as a result of any coercion or duress or undue influence; (ii)

1775237

Docusign Envelope ID: 9557662F-63B5-4BE4-A066-2E5AD7CF9387
Case 1:24-cv-06310-JMF    Document 198    Filed 05/20/25    Page 5 of 20

Agreement
Page 5 of 9

that it has read and fully understands the terms of the Agreement and has had the opportunity to consult with counsel of its choice regarding this Agreement; (iii) that this Agreement contains the entire agreement between the Parties regarding the matters contained in this Agreement, and (iv) that it is not relying upon any oral representations made to it regarding the subject matter of this Agreement.

9. <u>Governing Law and Interpretation</u>. This Agreement shall be governed and conformed in accordance with the laws of the state of New York without regard to its conflict of laws provision. In the event of a breach of any provision of this Agreement, either party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

10. <u>Prevailing Party in Future Dispute</u>. In the event of a dispute relating to the terms or enforcement of this Agreement, the prevailing Party shall be entitled to payment of their attorneys' fees and costs from the opposing Party.

11. <u>No Admission of Wrongdoing</u>. The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission of wrongdoing or evidence of any liability or unlawful conduct of any kind. The Parties are responsible for their own costs and fees for this litigation.

12. <u>Amendment</u>. This Agreement may not be modified, altered or changed except in writing and signed by both Parties wherein specific reference is made to this Agreement.

13. <u>Entire Agreement</u>. This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties. Each of the Parties acknowledges that they have not relied on any representations, promises, or agreements of any kind made in connection with their respective decisions to accept this Agreement, except for those set forth in this Agreement.

14. <u>Authority</u>. Each of the Parties represents and warrants that the person who executes this Agreement on behalf of such Party has full authority to bind such person or entity to the terms and conditions of this Agreement and is authorized to execute this Agreement on behalf of such Party.

15. <u>Counterparts</u>. This Agreement may be signed electronically and in counterparts, all of which shall constitute one agreement.

16. <u>Severability</u>. If any provision of this Agreement shall be held or made invalid by a court decision, statute or rule, or shall be otherwise rendered invalid, the remainder of this Agreement shall not be affected thereby.

17. <u>Retention of Jurisdiction</u>: It is the intent of the parties that the United States District Court for the Southern District retains jurisdiction to enforce this agreement, including its terms and obligations. *See Kokkonen v. Guardian Life Ins. Co. of America*, 114 S. Ct. 1673 (1994).

**[Signature Pages Follows]**

1775237

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement the day and year first written above.

*(signature)*
KISSINGER N. SIBANDA

SKYDANCE DEVELOPMENT, LLC

By: _____
Its:

SKYDANCE PRODUCTIONS, LLC

By: _____
Its:

GEMINI PICTURES, LLC

By: _____
Its:

PARAMOUNT PICTURES CORPORATION

By: _____
Its:

Docusign Envelope ID: 9557662F-63B6-4BE4-A066-2E5AD7CF9387
Case 1:24-cv-06310-JMF   Document 198   Filed 05/20/25   Page 7 of 20

Agreement
Page 6 of 9

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement the day and year first written above.

_____
KISSINGER N. SIBANDA


SKYDANCE DEVELOPMENT, LLC

DocuSigned by:
*Stephanie McKinnon*
C9ABBC0981349B...
By: Stephanie McKinnon
Its: General Counsel


SKYDANCE PRODUCTIONS, LLC

DocuSigned by:
*Stephanie McKinnon*
C9ABBC0981349B...
By: Stephanie McKinnon
Its: General Counsel


GEMINI PICTURES, LLC

DocuSigned by:
*Stephanie McKinnon*
C9ABBC0981349B...
By: Stephanie McKinnon
Its: General Counsel


PARAMOUNT PICTURES CORPORATION

_____
By:
Its:

6

1775237

Agreement
Page 6 of 9

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement the day and year first written above.

_____

KISSINGER N. SIBANDA

SKYDANCE DEVELOPMENT, LLC

_____

By:
Its:

SKYDANCE PRODUCTIONS, LLC

_____

By:
Its:

GEMINI PICTURES, LLC

_____

By:
Its:

PARAMOUNT PICTURES CORPORATION

_____

By: Jonathan Strauss
Its: SVP Legal Affairs

6

*[signature]*

_____
DAVID ELLISON

Agreement<br>Page 7 of 9

_____
WILLARD CARROLL SMITH II

_____
DARREN LEMKE

_____
BILLY RAY

_____
DAVID BENIOFF

Acknowledged and agreed by:

_____
ASHLEE LIN, ESQ.

7

1775237

Agreement
Page 7 of 9

_____
DAVID ELLISON


*[Signed by: Well, 714F2BA0B5A7410...]*
_____
WILLARD CARROLL SMITH II


_____
DARREN LEMKE


_____
BILLY RAY


_____
DAVID BENIOFF


Acknowledged and agreed by:


_____
ASHLEE LIN, ESQ.

7

1775237

Agreement
Page 7 of 9

_____
DAVID ELLISON

_____
WILLARD CARROLL SMITH II

*Signed by: Darren Lemke — 87EEF2992354424...*

_____
DARREN LEMKE

_____
BILLY RAY

_____
DAVID BENIOFF

Acknowledged and agreed by:

_____
ASHLEE LIN, ESQ.

7

Docusign Envelope ID: ACD2AF79-B8B2-4C58-B558-5DE22B7BF0C5
Case 1:24-cv-06310-JMF   Document 198   Filed 05/20/25   Page 12 of 20

Agreement
Page 7 of 9

_____

DAVID ELLISON


_____

WILLARD CARROLL SMITH II


_____

DARREN LEMKE

*Signed by:*
*Billy Ray*
9487499A2CFD44B...
_____

BILLY RAY


_____

DAVID BENIOFF


Acknowledged and agreed by:


_____

ASHLEE LIN, ESQ.

7

Agreement  
Page 7 of 9

_____  
DAVID ELLISON


_____  
WILLARD CARROLL SMITH II


_____  
DARREN LEMKE


_____  
BILLY RAY

*David Benioff* (DocuSigned)  
_____  
DAVID BENIOFF


Acknowledged and agreed by:


_____  
ASHLEE LIN, ESQ.

7

1775237

Agreement
Page 7 of 9

_____
DAVID ELLISON

_____
WILLARD CARROLL SMITH II

_____
DARREN LEMKE

_____
BILLY RAY

_____
DAVID BENIOFF

Acknowledged and agreed by:

Signed by:
*Ashlee Lin*
851FAF9CCAD44CC...
_____
ASHLEE LIN, ESQ.

7

1775237

Docusign Envelope ID: 9557662F-63B5-4BE4-A966-3E5AD7CF9387
Case 1:24-cv-06310-JMF   Document 198   Filed 05/20/25   Page 15 of 20

Agreement
Page 8 of 9

# EXHIBIT A
## Joint Stipulation of Settlement and Order of Dismissal with Prejudice
### (1:24-cv-06310 (JMF))

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KISSINGER N. SIBANDA,<br><br>        *Plaintiff*,<br><br>-against-<br><br><br>DAVID ELLISON, WILL SMITH, ANG LEE, SKYDANCE PRODUCTIONS, LLC, a California Limited Company, GEMINI PICTURES, LLC, a California Limited Liability Company, SKYDANCE DEVELOPMENT, LLC, a California Limited Company, ASHLEE LIN, PARAMOUNT PICTURES, FOSUN PICTURES INC.,<br><br>        *Defendants*. | Case No. 1:24-cv-06310-JMF<br>Rel:  1:23-cv-05752-JMF<br><br>**JOINT STIPULATION OF SETTLEMENT AND ORDER OF DISMISSAL WITH PREJUDICE** |

WHEREAS, Plaintiff Kissinger N. Sibanda filed an action on August 21, 2024 against Defendants David Ellison, Willard Caroll Smith II (sued as Will Smith), Ashlee Lin, Ang Lee, Skydance Productions, LLC, Skydance Development, LLC, Paramount Pictures Corporation (sued as Paramount Pictures), and Gemini Pictures, LLC; and

WHEREAS, the parties are interested in resolving this action and have negotiated in good faith for that purpose;

WHEREAS, none of the parties to the above-captioned action is an infant or an incompetent person; and

WHEREAS, the parties in the above-captioned action wish to discontinue the litigation upon the terms agreed to in the Settlement Agreement and Mutual Release.

2891289

**IT IS HEREBY STIPULATED AND AGREED** by and between the parties and their respective counsel as follows:

1. The parties hereby agree that the above-captioned action is dismissed and discontinued <u>with prejudice</u>, upon the terms agreed to in the Settlement Agreement and Mutual Release and the terms of which are incorporated into to this Joint Stipulation of Settlement as if stated fully herein (the "Incorporated Agreement").

2. The United States District Court for the Southern District shall retain jurisdiction to enforce enforcement this Joint Stipulation of Settlement and the Incorporated Agreement, including its terms and obligations, to the fullest extent of the law.

3. Upon the filing of this Joint Stipulation of Settlement, the parties' pending cross-motions for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure shall be deemed fully withdrawn.

4. This Joint Stipulation of Settlement and Order of Dismissal and attached Incorporated Agreement embody the entire agreement of the parties in this matter.

5. This Joint Stipulation of Settlement can be executed in counterparts and by using electronic, scanned or telefaxed signatures, with the same effect as original signatures.

| | |
|---|---|
| **LAW OFFICE OF KISSINGER N. SIBANDA, PLLC** | **EISNER, LLP** |
| By: /s/<br>Dr. Kissinger N. Sibanda, Esq.<br>P.O. Box 714<br>Livingston, NJ 07039<br>862-250-9684<br>KSibanda@<br>thelawofficesofkissingersibanda.com<br><br>*Attorney for Plaintiff, Dr. Kissinger N. Sibanda* | By: /s/<br>Evangelos Michailidis<br>40 W 57th St., Suite 2030 New York, NY 10019<br>(646) 876-2600<br>emichailidis@eisnerlaw.com<br><br>--and--<br><br>Ashlee Lin (*pro hac vice*)<br>344 N. Camden Drive, 4th Floor Beverly Hills, CA 90201 (310) 855-3200<br>alin@eisnerlaw.com<br><br>*Attorneys for Defendants* |

**SO ORDERED:**

Dated:  New York, New York
            _____, 2025

_____
HON. JESSE M. FURMAN
UNITED STATES DISTRICT JUDGE

Agreement
Page 9 of 9

# EXHIBIT B
## Joint Stipulation of Dismissal with Prejudice

1775237

UNITED STATES COURT OF APPEALS
FOR THE
SECOND CIRCUIT

_____

At a Stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the _____ day of May, 2025.

_____

Kissinger N. Sibanda,

         v.

David Ellison, et al.,

_____

**STIPULATION**

Docket Number: 24-2348 (L),
24-3251 (Con)

The undersigned counsel for the parties stipulate that the above-captioned case is withdrawn with prejudice without costs and without attorneys' fees pursuant to FRAP 42(b).

Appellees waive all sanctions, and any rights to enforce any sanctions, under ECF No. 154.

Date: _____

                                         Attorney for Appellant

                                         Dr. Kissinger Sibanda, Esq.

                                         Print Name and Firm

Date: _____

                                         Attorney for Appellees

                                         Ashlee Lin, Eisner LLP

                                         Print Name and Firm